UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| **Emelida Cordova,** | ) | |
| | ) | CASE NO. 19-06255 |
| | ) | |
| **Debtor.** | ) | Chapter 13 |
| | ) | |
| | ) | |
| | ) | |
| **Emelida Cordova, et al.,** | ) | |
| | ) | Adversary No. 19-AP-684 |
| **Plaintiffs,** | ) | |
| v. | ) | |
| | ) | |
| **City of Chicago, Illinois** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO DISMISS OF DEFENDANT CITY OF CHICAGO, ILLINOIS**

**Introduction**

In its motion**,** Defendant City of Chicago, Illinois ("City") seeks to strike Plaintiffs' demand for punitive damages, raises "exceptions" in defense to Plaintiffs' statutory causes of action pursuant to the automatic stay provision and complains that the procedural protections afforded it by the United States Bankruptcy Code are inadequate and deny it due process of law.

For the reasons set forth below, the City's motion to dismiss should be denied.

**The City cannot claim the protection of 11 U.S.C. Section 106(a)(3)**

The City's effort to strike Plaintiffs' prayer for damages rises or falls in the applicability of 11 U.S.C. Section 106(a)(3) to its circumstances. This effort must fail because 11 U.S.C. 106 is unconstitutional and offers no assistance to the City.

In *Nelson v. La Crosse County District Court*, 301 F.3d 820 (7th Cir. 2002), the Seventh Circuit Court of Appeals held that "Section 106(a) was unconstitutional under the Eleventh Amendment." Id at 823. Relying on *Seminole Tribe v. Florida*, 517 U.S. 44 (1996), the Seventh Circuit concluded that Congress did not validly abrogate State sovereign immunity when enacting Section 106(a) pursuant to its Article I legislative power. Id.

Of course, this Court is bound by the *Nelson* decision. And, the punitive damages proscription in Section 106(a)(3) is not severable from the constitutionally infirm portions of Section 106. The test for severability, as set forth by the United States Supreme Court, is whether the valid and invalid provisions are so intertwined that the court would have to rewrite the law to allow it to stand. *Hill v. Wallace*, 259 U.S. 70, 72 (1922). The manner in which the City raises its defense demonstrates the inherently intertwined nature of the invalidated and following portions of Section 106. Thus, the City asserts in its motion that Section 106(a)(3), which purports to allow for a "judgment awarding a money recovery…." against a sovereign governmental unit -a cause of action invalidated in *Nelson*- nevertheless prohibits "***an award of punitive damages***." (emphasis in original) City's motion at 3. It is nonsensical to suppose that Congress could have intended is restriction on punitive damage relief to survive the invalidation of its attempt to create an initial cause of action and right to enter judgment against a sovereign governmental unit. If there is no right to bring suit at all, a limitation on a damage remedy could serve no use whatsoever.

Plaintiffs submit that this Court should be guided by *Northern Pipeline v. Marathon Pipe Line*, 458 U.S. 50 (1982) in making its determination of whether the punitive damage restriction in Section 106(a)(3) can be severed from the unconstitutional portion of Section 106(a). In *Northern Pipeline*, the appealing parties argued that if the Supreme Court were inclined to invalidate the failure of Congress to provide lifetime tenue for bankruptcy judges, the offending provision should be severed and the balance of the Bankruptcy Code should be allowed to remain intact. In rejecting this request, the Supreme Court held that is was for Congress, and not the Court, to restructure Bankruptcy Act of 1978 to conform to the requirements of Article III. Id at footnote 40.

Another fallacy in the City's reliance on Section 106(a)(3) is its initial premise that the provision even applies to a local municipality such as Defendant City. As referenced by the Seventh Circuit in *Nelson,* and as set forth on the clear language of the statute, Section 106 was intended by Congress to create a right of action, and the corresponding right to enter judgment, against sovereign governmental units, to wit: "***Notwithstanding an assertion of sovereign immunity***, sovereign immunity is abrogated as to a governmental unit…." (emphasis added) 11 U.S.C. Section 106(a).

But the City has not, and could never, assert a claim of sovereign immunity. Indeed, American law has **never** recognized a claim of sovereign immunity by a local municipality, such as the City. *Northern Ins. Co. of New York, v. Chatham County, Ga*, 547 US 189 (2006). The inescapable conclusion to be drawn from the clear language of Section 106 is that the statutory scheme was intended to be limited to governmental units that were capable of asserting sovereign immunity. According to the rule of construction of *ejusdem generis*, where general words of follow the enumeration of particular class of person or things, the general words will be

construed as applying only to things of the nature enumerated. *McBoyle v. United States*, 283 U.S. 25, 26 (1931); *United States v. Security Mangement Co. Inc.*, 96 F.3d 260 (7th Cir 1996). Thus, the general language of Section 106(a)(3) forbidding punitive damages must limited to the class enumerated in Section 106(a), or governmental units capable of asserting a claim of sovereign immunity. This does not include the City of Chicago, Illinois which is not capable of asserting a claim of sovereign immunity.

The City's citations of cases recognizing the prohibition of punitive damages against the United States, a sovereign state, or their instrumentalities is unsurprising, unhelpful and immaterial to the Plaintiffs' claim of punitive damages in this. All of these entities may claim sovereign immunity, which the City cannot. And, none of the decisions were rendered in the context of Section 106 being invalidated on constitutional grounds by the reviewing Court of Appeals. While the punitive damage claim of the Plaintiffs may be one of first impression in this District, the Bankruptcy Court for the Eastern District of North Carolina properly imposed punitive damages upon a governmental unit for its violation of the automatic stay. *In re NCVAMD, Inc.*, 2013 WL 6860816 (Bankr. E.D.N.C. Dec 31, 2013). *In re NCVAMD, Inc* is good law and should be followed by this Court.

**The City's affirmative defenses are premature and should be rejected on the merits**

The City seeks dismissal of Plaintiffs' complaint on the grounds that City is excepted from the automatic stay pursuant to 11 U.S.C. Section 362(b)(2) and Section 362(b)(4). The City has prematurely raised these defenses.

A party asserting an exception to the automatic stay raises an affirmative defense which it bears the burden of proving. In re Best Payphones, Inc., 2016 Bankr. LEXIS 130 at *32, 2016 WL 164900 at *11 (Bankr. S.D.N.Y. 2016); In re Pearce 400 B.R. 126, 131 (Bankr. N.D. Iowa

2009). An affirmative defense is not properly raised pursuant to a Rule 12(b)(6), incorporated through Rule 7012, Federal Rules of Bankruptcy Procedure, and a motion to dismiss must instead await the close of all pleadings, including the filing of an Answer, pursuant to Rule 12(c). Thus, a complaint need not anticipate or overcome an affirmative defense and a complaint does not fail to state a claim because it omits facts which might be relevant to an affirmative defense. *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir 2012). ; *In re Adams Golf, Inc*, 381 F.3d 267, 277 (3rd Cir 2004).

However, if this Court is inclined to address the merits of the City's affirmative defenses, Plaintiffs, for sake of brevity, will rely on the exhaustive treatment afforded by other members of this Court in rejecting these defenses.   Plaintiffs request that this Court consider and follow the decisions of Judge Schmetterer in In re Fulton, Case Number 18-02860, Document 39 (5/25/18), Judge In re Howard, Case Number 17-25141, 2018 WL 1805587 (Bankr. N.D. Ill, April 19, 2018), Judge Thorne in In re Peake, 18-16544 Doc 40 (8/15/18), and Judge Doyle In re Shannon, Case Number 18-04116, Document 64 (9/7/18).   Plaintiffs also rely on the writings of Judge Wedoff in Eugene Wedoff, The Automatic Stay under Section 362(a)(3)-One More Time , 38 No. 7 Bankruptcy Law Letter NL 1 (2018) and Judge's Wedoff's opening brief filed on behalf of the foregoing debtors in the Seventh Circuit Court of Appeals on February 19, 2019, Document 33, in In re Fulton, et al, Appeal Number 18-2835.

Without repeating the voluminous caselaw cited in this decisions and writing, Plaintiffs submit that Judges Schmetterer and Cox are correct that the City has not validly executed Home Rule authority in attempting to create a "possessory lien" on a matter of statewide importance; all of the foregoing judge's are correct that *Thompson v. General Motors Acceptance Corp, LLC* 566 F.3d 699 (7th Cir (7th Cir 2009) required the prompt turnover of Plaintiffs' impounded

vehicle upon their filing of their Chapter 13 bankruptcy petitions, all of the foregoing judge's were correct that the City's method of obtaining adequate protection was to file a motion on its own initiative on an expedited or emergency basis and that the automatic stay was violated when the City passively retained possession of Plaintiffs' vehicle after demand for turnover or where the City demanded payment of a lump sum as a pre-condition for release of the vehicle; all the judges were correct that the City's putative possessory lien would not be extinguished through the involuntary turnover of an impounded vehicle by operation of the automatic stay, Judge Doyle was correct the "police power" exception does not apply to a violation of 11 USC Section Section 362(b)(4) and Judges Thorne and Judge Doyle are correct when they concluded that the "police power" exception has no applicability to the effort of the City to impound vehicles for the purpose of executing on monetary judgments for the primary purpose of enhancing the revenues of Defendant City; and all of the judges were correct that *In re Avila*, 566 B.R. 558 (Bankr. N.D. Ill 2017) wrongly concluded that the City's possessory lien would be extinguished by turnover pursuant to the automatic stay or that the City's interests could not be adequately protected by the replacement lien required pursuant to the authority *United States v. Whiting Pools*, 462 U.S. 198, 207 (1983).

### The automatic stay does not deny the City due process of law

The City asserts that due process requires a "predeprivation hearing". The thrust of the City's argument is that the operation of the automatic stay impairs its possessory lien without a hearing prior to such impairment.

Due process does not require a predeprivation hearing where such procedures are impractical or where -as here- such procedures are impossible. *City of Los Angeles v. David*, 538 U.S. 715, 717 (2003); *FDIC v. Mallen*, 486 U.S. 230 (1988). The City apparently fails to

appreciate that the automatic stay arises "automatically" upon the filing of the bankruptcy petition. Prior to the filing of the petition, no legal case exists and no mechanism is available for a predeprivation hearing.

But, as Judge Schmetterer pointed out in the Fulton case, the City may immediately file an emergency motion for relief from the automatic stay after the opening of a bankruptcy case and attempt to initiate a showing as to why the City should be allowed to retain a debtor's vehicle that was seized prepetition. Fulton at 5-6. Judge Schmetterer further observed a debtor may be required to offer alternative, substantive liens in their plan that protect the City's right to payment and still allow for return of the vehicle. Id at 6. The City's pessimism regarding this Court's ability to provide prompt adequate protection for the City appears unwarranted; attorneys for consensual vehicle lienholders appear before this Court on a daily basis without the doom and gloom predicted by the City in its motion.

But, of course, the City knows all this. In *In re Avila*, 566 B.R. 558 (Bankr. N.D. Ill 2017), the City *did* file a motion promptly after the filing of a bankruptcy and requested a ruling from the court regarding the respective interests of the City and the debtor to an impounded vehicle. Ever since, the City has never sought to utilitize established procedures designed assure it adequate protection. Instead, the City has ignored the rulings of Judges Cox, Schmetterer, Thorne and Doyle that it promptly turnover impounded vehicles to debtors, the City has declined to make use of available procedural protections available at the Court and has leveraged to its possession of debtors' vehicles to extort payments from debtors in satisfaction of its possessory liens or has retained impounded vehicles to deprive debtors of the income necessary to make their plan payments. Adversary Complaint at paragraph 26.

The prediction of the *Thompson* court has come true: "if a creditor is allowed to retain

possession, then this burden [of seeking adequate protection] is rendered meaningless -a creditor has no incentive to seek protection of an asset of which it already has possession. Thus, in order for the language of 11 U.S.C. § 363(e) to have meaning, Congress must have intended for the asset to be returned to the bankruptcy estate before the creditor seeks protection of its interest. " *Thompson*, 566 F.3d at 701.

The City cannot complain about its lack of due process when it has waived the procedural protections afforded it. *NLRB v. Allis Chalmers*, 388 U.S. 175, 180 (1967).

Respectfully submitted

Firm 13, LLC.

/s/ Ross H. Briggs
Attorney for Plaintiffs
1525 East 53rd Street, suite 423
Chicago IL 60615
773-220-7007

**CERTIFICATE OF SERVICE:**

By my signature below I caused a copy of the foregoing to be served via the court's electronic noticing system for those designated to receive such notice: David Paul Holtkamp, Attorney for Defendant City of Chicago, at David.Holtkamp2@cityofchicago.org..

/s/   Ross Briggs
Attorney for Plaintiffs