**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE: ) | |
| Emelida Cordova, ) | |
| ) | CASE NO. 19-06255 |
| ) | |
| Debtor. ) | Chapter 13 |
| ) | |
| ) | |
| _____) | |
| ) | |
| ) | |
| Emelida Cordova, Sabrina M Hightower, ) | |
| Kaila Selice Hill, Demiko J. Little, ) | |
| Shelia Holman, Tony R. Jones, ) | |
| Joyce L Johnson, Annie B Williams ) | |
| Larry Bernard Cherry, Gloria J. Lewis, ) | |
| Stephen Randall Banks, III, Christina C. ) | |
| Thirston, Krystle Chalmers, Natasha ) | |
| Marie McDonald, Andrew Christopher ) | |
| Ferrell, Leo Paul Reeder, Jr, Calvin ) | |
| Dixon, Breonca Hyles, Preal Jones, ) | Adversary No. 19-AP-684 |
| Tevida B. Nocentelli, ) | |
| Plaintiffs, ) | |
| v. ) | |
| ) | |
| City of Chicago, Illinois ) | SECOND AMENDED |
| ) | ADVERSARY COMPLAINT |
| ) | FOR ACTUAL AND PUNITIVE |
| Defendant. ) | DAMAGES FOR VIOLATION |
| ) | OF THE AUTOMATIC STAY |
| ) | |
| ) | |
| ) | |
| _____) | |

*Emelida Cordova, Sabrina M Hightower, Kaila Selice Hill, Demiko J. Little, Shelia Holman, Tony R. Jones, Joyce L Johnson, Annie B Williams, Larry Bernard Cherry, Gloria J. Lewis, Stephen Randall Banks, III, Christina C., Thirston, Krystle Chalmers, Natasha Marie,*

*McDonald, Andrew Christopher Ferrell, Leo Paul Reeder, Jr., Calvin Dixon, Breonca Hyles, Preal Jones*, and *Tevida B. Nocentelli,* Debtors/Plaintiffs *("Plaintiffs")*, complains of *City of Chicago, Illinois* ("*City*"), Defendant, and pray for entry of judgments for actual and punitive damages, awards of attorney's fees and costs of litigation and for other relief as a result of Defendant City's violation of the rights of Plaintiffs as created at 11 U.S.C. Section 362(k).

## I. JURISDICTION

1. This Court has jurisdiction over the subject matter of this Complaint pursuant to 28 U.S.C. §1334.

## II. VENUE

2. Venue of this proceeding lies in this Court pursuant to 28 U.S.C. §409(a).

## III. CORE PROCEEDING

3. This is a core proceeding under 28 U.S.C. §157(b)(2)(A),(K) because it concerns the administration of the bankruptcy estates of Plaintiffs and the validity of liens as claimed by Defendant City.

## IV.  JOINDER PURSUANT TO RULE 7020

4.  Plaintiffs are properly joined in this action pursuant to Rule 7020, Federal Rules of Bankruptcy Procedure, inasmuch as they assert a right to relief with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences and Plaintiffs' actions share common questions of law and fact.

## IV. PRIVATE RIGHT OF ACTION

5. Plaintiffs possess a private right of action to proceed in this cause pursuant to 11 USC Section 362(k)(1).

## V. CASE FACTS

6. On March 7, 2019, Plaintiff Emelida Cordova filed a Chapter 13 bankruptcy in this Court and was assigned Case Number 19-06255. Immediately after the filing of bankruptcy, Plaintiff informed Defendant City of the filing of her Chapter 13 bankruptcy and demanded Defendant City to return a motor vehicle owned by Plaintiff and impounded by Defendant City. After such demand, Defendant City refused to release the motor vehicle of Plaintiff and instead demanded payment by Plaintiff of debt owed to Defendant City as a precondition to releasing Plaintiff's motor vehicle. As a consequence, Plaintiff was denied the possession and use of Plaintiff's motor vehicle. Plaintiff is Hispanic-American.

7. On November 27, 2018, Plaintiff Sabrina M Hightower filed a Chapter 13 bankruptcy in this Court and was assigned Case Number 18-33010. Immediately after the filing of bankruptcy, Plaintiff informed Defendant City of the filing of her Chapter 13 bankruptcy and demanded Defendant City to return a motor vehicle owned by Plaintiff and impounded by Defendant City. After such demand, Defendant City refused to release the motor vehicle of Plaintiff and instead demanded payment by Plaintiff of debt owed to Defendant City as a precondition to releasing Plaintiff's motor vehicle. As a consequence, Plaintiff was denied the possession and use of Plaintiff's motor vehicle. Plaintiff is African-American.

8. On October 9, 2018, Plaintiff Kaila Selice Hill filed a Chapter 13 bankruptcy in

this Court and was assigned Case Number 18-28402.  Immediately after the filing of bankruptcy, Plaintiff informed Defendant City of the filing of her Chapter 13 bankruptcy and demanded Defendant City to return a motor vehicle owned by Plaintiff and impounded by Defendant City. After such demand, Defendant City refused to release the motor vehicle of Plaintiff and instead demanded payment by Plaintiff of debt owed to Defendant City as a precondition to releasing Plaintiff's motor vehicle.  As a consequence, Plaintiff was denied the possession and use of Plaintiff's motor vehicle.  Plaintiff is African-American.

9.    On April 30, 2019, Plaintiff Demiko J. Little filed a Chapter 13 bankruptcy in this Court and was assigned Case Number 19-12566.  Immediately after the filing of bankruptcy, Plaintiff informed Defendant City of the filing of his Chapter 13 bankruptcy and demanded Defendant City to return a motor vehicle owned by Plaintiff and impounded by Defendant City. After such demand, Defendant City refused to release the motor vehicle of Plaintiff and instead demanded payment by Plaintiff of debt owed to Defendant City as a precondition to releasing Plaintiff's motor vehicle.  As a consequence, Plaintiff was denied the possession and use of Plaintiff's motor vehicle.  Plaintiff is African-American.

10.    On August 11, 2017 and September 1, 2017, Plaintiff Shelia Holman filed Chapter 13 bankruptcies in this Court and was assigned Case Number 17-24045 and 17-26418. Immediately after the filing of bankruptcy, Plaintiff informed Defendant City of the filing of her Chapter 13 bankruptcy and demanded Defendant City to return a motor vehicle owned by Plaintiff and impounded by Defendant City.  After such demand, Defendant City refused to release the motor vehicle of Plaintiff and instead demanded payment by Plaintiff of debt owed to

Defendant City as a precondition to releasing Plaintiff's motor vehicle. As a consequence, Plaintiff was denied the possession and use of Plaintiff's motor vehicle. Plaintiff is African-American.

11. On July 12, 2016, August 15, 2016 and on July 6, 2017, Plaintiff Tony R. Jones filed bankruptcies and was assigned Case Number 16-22327, 16-26076 and 17-20197. Immediately after the filing of bankruptcy, Plaintiff informed Defendant City of the filing of his Chapter 13 bankruptcy and demanded Defendant City to return a motor vehicle owned by Plaintiff and impounded by Defendant City. After such demand, Defendant City refused to release the motor vehicle of Plaintiff and instead demanded payment by Plaintiff of debt owed to Defendant City as a precondition to releasing Plaintiff's motor vehicle. As a consequence, Plaintiff was denied the possession and use of Plaintiff's motor vehicle. Plaintiff is African-American.

12. On May 20, 2016, Plaintiff Joyce L Johnson filed a Chapter 13 bankruptcy in this Court and was assigned Case Number 16-17084. Immediately after the filing of bankruptcy, Plaintiff informed Defendant City of the filing of her Chapter 13 bankruptcy and demanded Defendant City to return a motor vehicle owned by Plaintiff and impounded by Defendant City. After such demand, Defendant City refused to release the motor vehicle of Plaintiff and instead demanded payment by Plaintiff of debt owed to Defendant City as a precondition to releasing Plaintiff's motor vehicle. As a consequence, Plaintiff was denied the possession and use of Plaintiff's motor vehicle. Plaintiff is African-American.

13. On November 29, 2016 and April 14, 2017, Plaintiff Annie B Williams filed a Chapter 13 bankruptcies in this Court and was assigned Case Number 16-37524 and 17-11825. Immediately after the filing of bankruptcy, Plaintiff informed Defendant City of the filing of her Chapter 13 bankruptcy and demanded Defendant City to return a motor vehicle owned by Plaintiff and impounded by Defendant City. After such demand, Defendant City refused to release the motor vehicle of Plaintiff and instead demanded payment by Plaintiff of debt owed to Defendant City as a precondition to releasing Plaintiff's motor vehicle. As a consequence, Plaintiff was denied the possession and use of Plaintiff's motor vehicle. Plaintiff is African-American.

14. On August 21, 2018 and October 30, 2018, Plaintiff Larry Bernard Cherry filed Chapter 13 bankruptcies in this Court and was assigned Case Number 18-23598 and 18-30429. Immediately after the filing of bankruptcy, Plaintiff informed Defendant City of the filing of his Chapter 13 bankruptcy and demanded Defendant City to return a motor vehicle owned by Plaintiff and impounded by Defendant City. After such demand, Defendant City refused to release the motor vehicle of Plaintiff and instead demanded payment by Plaintiff of debt owed to Defendant City as a precondition to releasing Plaintiff's motor vehicle. As a consequence, Plaintiff was denied the possession and use of Plaintiff's motor vehicle. Plaintiff is African-American.

15. On August 11, 2017, Plaintiff Gloria Jean Lewis filed a Chapter 13 bankruptcy in this Court and was assigned Case Number 17-24051. Immediately after the filing of bankruptcy, Plaintiff informed Defendant City of the filing of her Chapter 13 bankruptcy and demanded

Defendant City to return a motor vehicle owned by Plaintiff and impounded by Defendant City. After such demand, Defendant City refused to release the motor vehicle of Plaintiff and instead demanded payment by Plaintiff of debt owed to Defendant City as a precondition to releasing Plaintiff's motor vehicle. As a consequence, Plaintiff was denied the possession and use of Plaintiff's motor vehicle. Plaintiff is African-American.

16. On May 17, 2018, Plaintiff Stephen Randall Banks, III filed a Chapter 13 bankruptcy in this Court and was assigned Case Number 18-14402. Immediately after the filing of bankruptcy, Plaintiff informed Defendant City of the filing of his Chapter 13 bankruptcy and demanded Defendant City to return a motor vehicle owned by Plaintiff and impounded by Defendant City. After such demand, Defendant City refused to release the motor vehicle of Plaintiff and instead demanded payment by Plaintiff of debt owed to Defendant City as a precondition to releasing Plaintiff's motor vehicle. As a consequence, Plaintiff was denied the possession and use of Plaintiff's motor vehicle. Plaintiff is African-American.

17. On August 21, 2018, Plaintiff Chritina C. Thirston filed a Chapter 13 bankruptcy in this Court and was assigned Case Number 18-23628. Immediately after the filing of bankruptcy, Plaintiff informed Defendant City of the filing of her Chapter 13 bankruptcy and demanded Defendant City to return a motor vehicle owned by Plaintiff and impounded by Defendant City. After such demand, Defendant City refused to release the motor vehicle of Plaintiff and instead demanded payment by Plaintiff of debt owed to Defendant City as a precondition to releasing Plaintiff's motor vehicle. As a consequence, Plaintiff was denied the possession and use of Plaintiff's motor vehicle. Plaintiff is African-American.

18. On August 14, 2017, Plaintiff Krystle Chalmers filed a Chapter 13 bankruptcy in this Court and was assigned Case Number 17-24261. Immediately after the filing of bankruptcy, Plaintiff informed Defendant City of the filing of her Chapter 13 bankruptcy and demanded Defendant City to return a motor vehicle owned by Plaintiff and impounded by Defendant City. After such demand, Defendant City refused to release the motor vehicle of Plaintiff and instead demanded payment by Plaintiff of debt owed to Defendant City as a precondition to releasing Plaintiff's motor vehicle. As a consequence, Plaintiff was denied the possession and use of Plaintiff's motor vehicle. Plaintiff is African-American.

19. On October 22, 2018, Plaintiff Natasha Marie McDonald filed a Chapter 13 bankruptcy in this Court and was assigned Case Number 18-29590. Immediately after the filing of bankruptcy, Plaintiff informed Defendant City of the filing of her Chapter 13 bankruptcy and demanded Defendant City to return a motor vehicle owned by Plaintiff and impounded by Defendant City. After such demand, Defendant City refused to release the motor vehicle of Plaintiff and instead demanded payment by Plaintiff of debt owed to Defendant City as a precondition to releasing Plaintiff's motor vehicle. As a consequence, Plaintiff was denied the possession and use of Plaintiff's motor vehicle. Plaintiff is African-American.

20. On April 3, 2018, Plaintiff Andrew Christopher Ferrell filed a Chapter 13 bankruptcy in this Court and was assigned Case Number 18-09737. Immediately after the filing of bankruptcy, Plaintiff informed Defendant City of the filing of his Chapter 13 bankruptcy and demanded Defendant City to return a motor vehicle owned by Plaintiff and impounded by

Defendant City. After such demand, Defendant City refused to release the motor vehicle of Plaintiff and instead demanded payment by Plaintiff of debt owed to Defendant City as a precondition to releasing Plaintiff's motor vehicle. As a consequence, Plaintiff was denied the possession and use of Plaintiff's motor vehicle. Plaintiff is African-American.

21. On January 17, 2019, Plaintiff Leo Paul Reeder, Jr., filed a Chapter 13 bankruptcy in this Court and was assigned Case Number 19-01393. Immediately after the filing of bankruptcy, Plaintiff informed Defendant City of the filing of his Chapter 13 bankruptcy and demanded Defendant City to return a motor vehicle owned by Plaintiff and impounded by Defendant City. After such demand, Defendant City refused to release the motor vehicle of Plaintiff and instead demanded payment by Plaintiff of debt owed to Defendant City as a precondition to releasing Plaintiff's motor vehicle. As a consequence, Plaintiff was denied the possession and use of Plaintiff's motor vehicle. Plaintiff is African-American.

22. On January 25, 2018, Calvin Dixon filed a Chapter 13 bankruptcy in this Court and was assigned Case Number 18-02170. Immediately after the filing of bankruptcy, Plaintiff informed Defendant City of the filing of his Chapter 13 bankruptcy and demanded Defendant City to return a motor vehicle owned by Plaintiff and impounded by Defendant City. After such demand, Defendant City refused to release the motor vehicle of Plaintiff and instead demanded payment by Plaintiff of debt owed to Defendant City as a precondition to releasing Plaintiff's motor vehicle. As a consequence, Plaintiff was denied the possession and use of Plaintiff's motor vehicle. Plaintiff is African-American.

23. January 13, 2017, Plaintiff Breonca Hyles, filed a Chapter 13 bankruptcy in this Court and was assigned Case Number 17-01099. Immediately after the filing of bankruptcy, Plaintiff informed Defendant City of the filing of her Chapter 13 bankruptcy and demanded Defendant City to return a motor vehicle owned by Plaintiff and impounded by Defendant City. After such demand, Defendant City refused to release the motor vehicle of Plaintiff and instead demanded payment by Plaintiff of debt owed to Defendant City as a precondition to releasing Plaintiff's motor vehicle. As a consequence, Plaintiff was denied the possession and use of Plaintiff's motor vehicle. Plaintiff is African-American.

24. On February 19, 2019, Plaintiff Preal Jones, filed a Chapter 13 bankruptcy in this Court and was assigned Case Number 19-4375. Immediately after the filing of bankruptcy, Plaintiff informed Defendant City of the filing of his Chapter 13 bankruptcy and demanded Defendant City to return a motor vehicle owned by Plaintiff and impounded by Defendant City. After such demand, Defendant City refused to release the motor vehicle of Plaintiff and instead demanded payment by Plaintiff of debt owed to Defendant City as a precondition to releasing Plaintiff's motor vehicle. As a consequence, Plaintiff was denied the possession and use of Plaintiff's motor vehicle. Plaintiff is African-American.

25. On March 17, 2017, Plaintiff Tevida B Nocentelli, filed a Chapter 13 bankruptcy in this Court and was assigned Case Number 19-01393. Immediately after the filing of bankruptcy, Plaintiff informed Defendant City of the filing of her Chapter 13 bankruptcy and demanded Defendant City to return a motor vehicle owned by Plaintiff and impounded by Defendant City. After such demand, Defendant City refused to release the motor vehicle of Plaintiff and instead demanded payment by Plaintiff of debt owed to Defendant City as a precondition to releasing

Plaintiff's motor vehicle. As a consequence, Plaintiff was denied the possession and use of Plaintiff's motor vehicle. Plaintiff is African-American.

26. As to each Plaintiff, the filing of the voluntary bankruptcy petition caused each Plaintiff to be protected by the automatic stay as found at 11 USC Section 362(a). All of the motor vehicles, as referenced above, were encompassed within the respective bankruptcy estates of the Plaintiffs

27. Defendant City's conduct, as set forth above, naturally and proximately, caused each Plaintiff to suffer actual damages of one or more of the following kind: loss of use of a motor vehicle; loss of value of a motor vehicle; transportation expenses; loss of wages or self-employment income; loss of a post-petition lump sum payment coerced from Plaintiff by Defendant City after violation of the automatic stay; dismissal of a Chapter 13 bankruptcy due to loss of ability to fund a Chapter 13 plan; loss of credit worthiness; loss of companionship and custody of children; and great emotional distress and damage to health, including sleepless nights, anxiety and inability to perform normal day-to-day activities.

## COUNT I-STAY VIOLATION

28. The foregoing paragraphs are incorporated herein by reference.

. 29. Defendant City's conduct violated 11 USC Section 362(a)(3), 11 USC Section 362(a)(4) and 11 USC Section 362(a)(6).

WHEREFORE, Plaintiffs request an Order declaring that Defendant City's conduct violated the

automatic stay as set forth herein, awarding each Plaintiff actual damages, attorney's fees, costs of litigation and granting Plaintiffs such further relief as may be just and proper.

## COUNT II-PUNITIVE DAMGES

30. The foregoing paragraphs are incorporated herein by reference.

31. At the time of the conduct complained of herein, Defendant City of Chicago was experiencing acute budgetary distress.

32. To alleviate its budgetary crisis, Defendant City of Chicago devised a scheme to knowingly and systematically violate the rights of Chapter 13 debtors whose motor vehicles had been impounded by Defendant City.  At least until 2016, an owner of a vehicle seized for non-payment of fines could file a Chapter 13 case, obtain the return of the vehicle, and eventually discharge the accrued fines and penalties by completing payments under a Chapter 13 plan.  In 2016, Defendant City enacted an ordinance amendment adding a new provision, that "[a]ny vehicle impounded by the City or its designee shall be subject to a possessory lien in favor of the City in the amount required to obtain release of the vehicle."  M.C.C. Section 9-92-080(f) (hereinafter: "Ordinance Amendment"). The purpose of imposing the lien, as explained by the Committee on Budget and Government Operations, was to limit relief in bankruptcy allowing the City to receive greater revenue.

33. At the time of the conduct complained of herein, Defendant City knew and expected that its application of the Ordinance Amendment to Plaintiffs would violate Plaintiffs' legal rights as governed by existing law. Defendant City has acknowledged to the Seventh Circuit Court of Appeals that Thompson v. General Motors Acceptance Corp., 566 F.3d 699 (7th Cir. 2009) must be overruled in order to uphold the validity of the Ordinance Amendment as applied

to Chapter 13 debtors, to wit: Defendant City has argued to the Seventh Circuit that the *Thompson* decision was "…incorrectly decided..", is "…incompatible with the explicit limitations …in the Code…" and "**SHOULD BE OVERRULED**…" (emphasis in original). City of Chicago v. Fulton, Appeal No 18-2527 (7th Cir), Brief And Appendix of Appellant City of Chicago at 22, 24-25 and Reply Brief at 2. These statements constitute judicial admissions and Defendant City is bound by them.

34. The draconian and deleterious impact of Defendant City's Ordinance Amendment upon minority residents of the City of Chicago is notorious, open and well known to Defendant City. See Ex 1, attached. Defendant City persists in its unlawful application of the Ordinance Amendment to Chapter 13 debtors in reckless disregard of and with callous indifference to the violation of the federal rights of its minority residents resulting therefrom.

35. Defendant City's routine practice, when a Chapter 13 debtor demands release of an impounded vehicle, is to decline to file a Motion For Relief or Motion for Adequate Protection with this Court. Such an avenue for redress is known by Defendant City to be available to it and, Defendant City knows, would provide an early and prompt declaration from this Court regarding Defendant City's rights and would mitigate the damages of Chapter 13 debtors. Defendant City routinely refuses to file motions for relief or adequate protection because: (a) Defendant City does not wish to pay the required filing fee; (b) Defendant City does not want to create a public court record of its conduct which it knows to be unlawful; and, (c) Defendant City desires to exacerbate the damages of Chapter 13 debtors in order to cause debtors to fail their Chapter 13 bankruptcies and be subject to the collection of 100% of their debt by Defendant City after dismissal of the bankruptcy.

36. Defendant City's application of the Ordinance Amendment to Chapter 13 debtors is

so lucrative that the individual, adverse rulings from the various judges of this Court concerning Defendant City's prior violations of the automatic stay are insufficient to deter Defendant City from continuing to withhold impounded vehicles from Chapter 13 debtors in violation of the automatic stay.

37. Defendant City's application of the Ordinance Amendment to Chapter 13 debtors is so lucrative that the award of actual damages, attorney's fees and costs of litigation to Plaintiffs will be insufficient to deter Defendant City from continuing to withhold impounded vehicles from Chapter 13 debtors in violation of the automatic stay.

38. Defendant City's conduct, as set forth above, is egregious, outrageous, malicious, and so exhibits the bad faith of Defendant City, as to warrant the imposition of punitive damages to deter similar misconduct in the future.

WHEREFORE, Plaintiffs request an Order awarding punitive damages, to be distributed pro-rata to Plaintiffs, in the amount of **FIVE MILLION DOLLARS**, and a further award of attorney's fees, costs of litigation and such further relief as may be just and proper.

Dated: June 28, 2019

        Firm 13, LLC.

        /s/ Ross H. Briggs
        Attorney for Plaintiffs
        1525 East 53rd Street, suite 423
        Chicago IL 60615
        773-220-7007