**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: ) | |
| Emelida Cordova, ) | |
| ) | CASE NO. 19-06255 |
| ) | |
| Debtor. ) | Chapter 13 |
| ) | |
| ) | |
| _____ ) | |
| ) | |
| ) | |
| Emelida Cordova, et al., ) | |
| ) | Adversary No. 19-AP-684 |
| Plaintiffs, ) | |
| v. ) | |
| ) | |
| City of Chicago, Illinois ) | |
| ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |
| ) | |
| ) | |

**PLAINTIFFS' RESPONSE TO MOTION FOR WITHDRAWAL OF THE REFERENCE
UNDER 28 USC SECTION 157(d)**

**Introduction**

Defendant City of Chicago ("City") moves for mandatory withdrawal of the reference of this bankruptcy adversary proceeding on the grounds that the Seventh Circuit's recent interpretation of 11 USC Section 362(a) in *In re Fulton*, 926 F.3d 916 (7th Cir. 2019) "applies to deprive,,,the City…of a protected property interest…without any prior notice or hearing.." in violation of the Due Process Clause. Motion at 4. The City likewise contends that its claimed common-law immunity against punitive damages implicates a significant non-bankruptcy federal law issue

1

requiring mandatory withdrawal of the reference.

**Argument**

To justify mandatory withdrawal of the reference pursuant to Section 157(d), Defendant City has the burden of proving that the reference should be withdrawn. *In re E&S Facilities*, Inc, 181 B.R. 369, 372 (S.D.Ind. 1995), aff'd, 96 F.3d 949 (7th Cir. 1996), *In re Coe-Truman Technologies, Inc*., 214 B.R. 183, 185 (N.D. Ill. 1997). The Seventh Circuit has cautioned that mandatory withdrawal pursuant Section 157(d) should be read narrowly and should be invoked only where resolution of the claims will require "substantial and material" interpretation of a non-Title 11 statute, or which involve an analysis of "significant open and unresolved issues" regarding non-Title 11 law. *In re Vicars Ins. Agency*, 96 F.3d 949, 954 (7th Cir. 1996). The mere application of established non-bankruptcy federal law does not justify mandatory withdrawal of the reference. Id at 954.

Defendant City's "Due Process claim" is nothing short of a collateral attack on *In re Fulton, supra*. Neither the district court nor the bankruptcy court possesses subject matter jurisdiction to pass on the propriety or constitutionality of the Seventh Circuit's interpretation of Section 362 in the *Fulton* decision. *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983*) Atlantic Coast Line R. Co. v. Locomotive Engineers*, 398 U.S. 281, 296 (1970). If Defendant City believed that the *Fulton* decision, as applied to its vehicle impoundment program, operated to deny it due process of law, Defendant City could and should have sought rehearing by the panel of the Seventh Circuit which decided *Fulton*, requested a ruling from the Seventh Circuit en banc, or petitioned for review by the United States Supreme Court.

Indeed, only two days before the filing of the instant Motion For Withdrawal, Defendant City

*did* file its Petition For Writ of Certiorari in the Supreme Court seeking review of the *Fulton* decision and made the following argument in support of such consideration:

> The rule adopted by the Seventh Circuit makes a hash of the Bankruptcy Code's structural protections for secured creditors. Requiring a creditor to turn over property immediately after a bankruptcy filing or face sanctions deprives that creditor of the opportunity to assert defenses to turnover and to secure adequate protection for its property rights before relinquishing property in its lawful possession.

Petition at 26 (attached).

The above discussion precisely mirrors Defendant City's argument in support of mandatory withdrawal. If Defendant City had truly believed that its due process claim was "substantial and material" to its operation of its vehicle impoundment program, it would have advanced exactly that argument in its petition to the Supreme Court. The City has not presented a constitutional claim to either the Seventh Circuit or Supreme Court but instead has employed its defense only strategically to support its Motion To Withdraw the Reference. It is well established that a Motion To Withdraw The Refence is not intended to be "an escape hatch from the bankruptcy to district court," *In re HA 2003, Inc.,* No 03 C 9008, 2004 U.S. Dist. LEXIS 4674, at *4-5 (N.D. Ill. March 22, 2004), and should not be permitted to be used as a form of forum shopping. *In re Conseco Fin. Corp.,* 324 B.R. 50, 55 (N.D. Ill. 2005). In any event, Defendant City's Due Process claim does not raise a substantial or material interpretation of non-bankruptcy law since it requests relief -ie, the constitutional review of a decision of the Seventh Circuit Court of Appeals- that the district court does not have jurisdiction to grant. See, Evan H. Caminker, Why Must Inferior Courts Obey Superior Court Precedents? 46 STAN. L. REV. 817, 820-21 (1994).

Not does the City's alleged common-law defense to Plaintiffs' demand for punitive

3

damages support mandatory withdrawal. More specifically, the Seventh Circuit has already provided specific guidance to the lower courts concerning the analysis to be used when considering whether a federal statute has rebutted the common-law preference in favor of municipal immunity from punitive damages.

In seeking mandatory withdrawal, Defendant City ignores another well-settled, competing presumption, to wit: "[T]he general rule [is] that ***all appropriate relief*** is available in an action to vindicate a federal right…" (emphasis added) *Franklin v. Gwinnett County Public School*, 503 U.S. 60, 68 (1992). Similar to Defendant City's presumption, Plaintiffs' right to all appropriate relief afforded by statute is a "traditional presumption" which is "well settled" under the law. *Franklin*, 503 U.S. at 67-68. And, Plaintiffs' right to all appropriate relief must surely encompasses punitive damages which are ***expressly*** provided for in the automatic stay provision. "[A]n individual injured by any willful violation of a stay…shall recover actual damages, including costs and attorney's fees, and, in appropriate circumstances, **may recover punitive damages**. (emphasis added) "11 USC Section 362(k).

The Seventh Circuit clearly presumed that victims of the City's impoundment program would be entitled to all appropriate relief pursuant to Section 362(k), including the remedy of punitive damages. At footnote 3 of *In re Fulton*, the Seventh Circuit wrote:

> Section 362 provides for imposition of ***punitive damages for willful violations*** (emphasis added) … This demonstrates that failure to comply to comply with the stay order may be punished even more severely than failure to comply with a court order and, correspondingly, there is no question the stay *compels* (emphasis in original) the City to return the vehicles.

*In re Fulton, supra,* at foot note 3..

The presumption of the Seventh Circuit in *Fulton* that Defendant City could be subject to punitive damages was not wrong. Ordinarily, a legal presumption-even if statutorily created- is

4

rebuttable. *Hamilton v. Lanning*, 560 U.S. 505, 507 (2010). Plaintiffs submit that the *Fulton* decision and *United States ex. rel Chandler v. Cook County*, 277 F.3d 969 (7th Cir. 2002) *affirmed,* 503 U.S. 119 (2003) dictate that Defendant City's reliance on the common law presumption of municipal immunity from punitive damages is rebuttable under established law.

In *United States ex. rel Chandler v. Cook County,* 277 F.3d 969 (7th Cir. 2002) affirmed, 503 U.S. 119 (2003), the Seventh Circuit addressed the issue of whether the punitive sanction of treble damages under the False Claims Act (FCA) may be imposed upon Cook County, a municipal defendant, despite its claim of immunity. Relying on the "two-part approach" articulated in *City of Newport v. Facts Concert*, 453 U.S. 247, 259 (1981), the Seventh Circuit observed that a claim of municipal immunity from punitive sanctions required a careful inquiry into "both history and policy" to determine the policy the immunity served and its compatibility with the purpose of the underlying federal statute. 277 F.3d at 977. The court rejected the notion that *City of Newport* created a categorical rule of municipal immunity from punitive damages for all claims arising under federal statutory law. The Seventh Circuit noted that "not all punitive damage regimes are identical." Id at 978.

In concluding that the presumption of municipal immunity would not protect Cook County from the punitive damage regime of the FCA, the Seventh Circuit relied on the following factors: 1) while only innocent taxpayers would be punished where punitive damages are imposed on a municipality under Section 1983 for the wrongful conduct of rogue public officials, the purpose of the FCA was to obtain recoupment where "the taxpayers themselves have been enriched by the fraudulent conduct of the municipality", *id;* 2) next, the FCA, unlike Section 1983 - a statute which was silent regarding the proper measure of damages for a statutory violation- provided a clear and consistent remedy for violation of the statute including the punitive sanction of a treble

damages, *id* at 978; and, 3) the reluctance expressed by the Supreme Court in *City of Newport* to give juries broad discretion to award punitive damages against municipalities, 453 U.S. at 270, was not relevant to the FCA which afforded judges little discretion in imposing penalties. 277 F.3d at 978.

Section 362(k)(1) satisfies all the criteria set out by the Seventh Circuit in *Cook County*. Specifically, Section 362(k)(1) -like the FCA- expressly provides for punitive damages while Section 1983 is silent on the topic. Like the FCA, under Section 362(k)(1) there is no prospect of a "run away jury" imposing punitive damages upon a "deep pocket" municipal defendant inasmuch as there is no right to a jury trial for a violation of the automatic stay, a public right created exclusively under the Bankruptcy Code. *In re Glenn*, 359 B.R. 200 (Bankr. ND Ill 2006); *Granfinanciera NA v. Norberg*, 492 U.S. 33 (1989). And, finally, inherent in Debtor City's dual capacity as legislature and creditor, the direct and intended beneficiaries of Defendant City's willful and outrageous violation of the automatic stay was its taxpayers. Accordingly, the imposition of punitive damages upon Defendant City, even if paid by its taxpayers, is appropriate because the taxpayers were the direct beneficiaries of Defendant City's unlawful conduct. [1] *Kemezy v. Peters*, 79 F.3d 33, 35 (7th Cir. 1996).

---

[1] The Seventh Circuit also noted that the presumption for governmental immunity was weakest in the case of a local municipality. "This presumption is applied to protect the states because of their dignity as sovereigns…Such constitutional concerns…do not apply to municipalities." 277 F.3d at 980. In contrast, the Court noted that, by the time of the enactment of the FCA, where Congress intended to grant damage immunity to "political subdivisions" or "local government", it had done so expressly. See, 42 USC Section 1981a(b)(1) and 15 USC Section 34-36. The absence of similar language in the FCA strongly suggested, the Seventh Circuit wrote, that Congress did not intend to afford such immunity from punitive damages to municipal defendants such as Cook County. 277 F.3d at 980-81.

Similarly, in 2005, Congress amended Section 362(k)(2) to eliminate claims for punitive damages against creditors who violate in good faith the automatic stay in regard to unexpired leases. *In re Stanwyck*, 450 B.R. 181, 193 (Bankr. C.D. Cal 2011). The amendment to Section 362(k)(2) presented an opportune time for Congress to declare that municipal defendants should likewise be immune from punitive damages. The absence of such language in Section 362(k)(2), or elsewhere, granting municipal immunity from punitive damages for violations of the automatic stay clearly supports Plaintiffs' position that Congress did not intend to grant such immunity to local municipalities.

The bankruptcy court is surely competent to apply the *Cook County* decision to the City's defense to Plaintiffs' prayer for punitive damages. However, the mere application of established precedent does not support mandatory withdrawal.

Finally, the City makes a perfunctory request for permissive withdrawal. This request should likewise be rejected.

Several previous rulings in this court establish that a damage suit for violations of the automatic stay are not susceptible to permissive withdrawal. First, the courts in this district uniformly hold violations of the automatic stay to be core proceedings. See, eg., *Divane v. A & C Elec. Co*., 193 B.R. 856, 862 (N.D. Ill. 1996); *Cox v. Zale Del.,* No 97 C 4464, 1998 U.S. Dist. LEXIS 10707, at *10-14 (N.D. Ill., July 9, 1998). Second, the Seventh Circuit stated its preference in *Price v. Rochford*, 947 F.2d 829, 832 n. 1 (7th Cir. 1991) that core proceedings seeking damages for stay violations should be heard in the bankruptcy court. "A claim for damages under section 362(h) should probably have been referred to the bankruptcy court…" Id. And finally, many courts have recognized that hearing core matters in district court raises a material risk of inefficient allocation of judicial resources, *In re Conseco*, supra at 324 B.R. at 54, and would deny the parties the expertise generated by the bankruptcy court in supervising the prosecution of automatic stay violations, a claim which is unique to the bankruptcy process. *McFarland v. Bass & Assoc, P.C*., No 97 C 3944, 1997 U.S. Dist. LEXIS 17869, at *4-5 (N.D. Ill. November 4, 1997).

In summary, Defendant City has not carried its burden in favor of permissive withdrawal. The City's motion should be denied.

Respectfully submitted,

/s/ Ross H Briggs, Attorney for Plaintiffs
1525 E. 53rd St, ste 423
Chicago IL 60615
773-220-7007 r-briggs@sbcglobal.net

**CERTIFICATE OF SERVICE:**

By my signature below it is certified that on this 24th day of Sept, 2019 this Plaintiffs' Response To Defendant's Motion To Withdraw The reference was served via the court's electronic noticing system for Registrants on those designated to receive such service as provided on the attached Service list.

/s/ Ross H. Briggs

Registrants (Via CM/ECF)          Service List

Andrea Handel on behalf of Interested Party United States of America
Andrea.handel@usdoj.gov

David Paul Holtkamp on behalf of Defendant City of Chicago, Illinois
David.Holtkamp2@cityofchicago.org