# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

IN RE:                                          )
Emelida Cordova,                                )
                                                )        **CASE NO. 19-06255**
                                                )
                    Debtor.                     )        **Chapter 13**
                                                )
                                                )
_____    __)
                                                )
Emelida Cordova, Sabrina M Hightower, )
Kaila Selice Hill, Demiko J. Little,            )
Shelia Holman, Tony R Jones,                    )
Joyce L Johnson, Annie B Williams               )
Larry Bernard Cherry, Gloria J. Lewis,   )
Stephen Randall Banks, III, Christina C  )
Thirston, Krystle Chalmers, Natasha             )
Marie McDonald, Andrew Christopher       )
Ferrell, Leo Paul Reeder, Jr, Calvin            )
Dixon, Breonca Hyles, Preal Jones,              )        **Adversary No. 19-AP-684**
Tevida B. Nocentelli, Roshelle Kinchen,  )
Felix Rivera,Craig E & Harriett Payne,   )
Larry J Outlaw,Stephen D Collum,                )
Bernard Powell, Marilynn Pagan,,                )        **TENTH AMENDED CLASS ACTION**
Helen E Henning, Christopher Campbell, )        **ADVERSARY COMPLAINT**
Tyrone Williams, Tabitha Chatmon,               )        **FOR ACTUAL AND PUNITIVE**
Magic J. Jones, Dwayne E Kennedy,               )        **DAMAGES FOR VIOLATION**
Tatiana Marshall, Kendric Sandifer,             )        **OF THE AUTOMATIC STAY AND**
Dontrea S Jones, Adrienne L Butler,             )        **FAILURE TO TURNOVER PROPERTY**
Trevor E Baxter, Taquesha Newton,               )
Ronald B Williams, Lamont McBride               )
Larry B Purnell, Laterence Mitchell,            )
Rashanda Hogan-Mitchell, Ira Haymore     )
Brandon W Brown, Camelia Binder,                )
Ameshia Odom, Montine Osbey,                    )
Deion Sanders, Victor G. Perez,                 )
Nutasha L Davis, Steven A. Williams,            )
August L. Brown, and Maricela Barrera    )
                    Plaintiffs,                 )
            v.                                  )
                                                )

**City of Chicago, Illinois,**                          )
                                                       )
                                                       )
                        **Defendant.**                 )
                                                       )
                                                       )
                                                       )
                                                       )
_____)

*Emelida Cordova, Sabrina M Hightower, Kaila Selice Hill, Demiko J. Little, Shelia Holman, Tony R. Jones, Joyce L Johnson, Annie B Williams, Larry Bernard Cherry, Gloria J. Lewis, Stephen Randall Banks, III, Christina C., Thirston, Krystle Chalmers, Natasha Marie McDonald, Andrew Christopher Ferrell, Leo Paul Reeder, Jr., Calvin Dixon, Breonca Hyles, Preal Jones, Tevida B. Nocentelli, Roshelle Kinchen, Felix Rivera, Craig E. & Harriett Payne, Larry J Outlaw, Stephen D Collum, Bernard Powell, Marilynn Pagan, Helen E Henning, Christopher Campbell, Tyrone Williams, Tabitha Chatmon, Magic J. Jones, Dwayne E Kennedy, Tatiana Marshall, Kendric Sandifer, Dontrea S Jones, Adrienne L Butler, Trevor E Baxter, Taquesha Newton, Ronald B Williams, Lamont McBride, Larry B Purnell, Laterence Mitchell, Rashanda Hogan-Mitchell, Ira Haymore, Brandon W Brown, Camelia Binder, Ameshia Odom, Montine Osbey, Deion Sanders, Victor G Perez, Nutasha L Davis, Steven A Williams and August L Brown, and Maricela Barrera,* Debtors/Plaintiffs *("Plaintiffs"),* complains of *City of Chicago, Illinois* (*"City"*), Defendant, and pray for entry of judgments for actual and punitive damages, awards of attorney's fees and costs of litigation and for other relief as a result of Defendant City's violation of the rights of Plaintiffs as created at 11 U.S.C. Section 362(k) and Section 542(a).

## I. JURISDICTION

1.     This Court has jurisdiction over the subject matter of this Complaint pursuant to

28 U.S.C. §1334.

## II. VENUE

2.     Venue of this proceeding lies in this Court pursuant to 28 U.S.C. §409(a).

## III. CORE PROCEEDING

3.     This is a core proceeding under 28 U.S.C. §157(b)(2)(A),(K) because it concerns

the administration of the bankruptcy estates of Plaintiffs and the validity of liens as claimed by

Defendant City.

## IV.   JOINDER PURSUANT TO RULE 7020

4.      Plaintiffs are properly joined in Counts I and II of this action pursuant to Rule

7020, Federal Rules of Bankruptcy Procedure, inasmuch as they assert a right to relief with

respect to or arising out of the same transaction, occurrence, or series of transactions or

occurrences and Plaintiffs' actions share common questions of law and fact.

## IV. PRIVATE RIGHT OF ACTION

5.     Plaintiffs possess a private right of action to proceed in this cause pursuant to 11

USC Section 362(k)(1) and 11 U.S.C. Section 542(a).

## V. CASE FACTS

6.    On March 7, 2019, Plaintiff Emelida Cordova filed a Chapter 13 bankruptcy in

this Court and was assigned Case Number 19-06255.    Immediately after the filing of

bankruptcy, Plaintiff informed Defendant City of the filing of her Chapter 13 bankruptcy and demanded Defendant City to return a motor vehicle owned by Plaintiff and impounded by Defendant City.   After such demand, Defendant City refused to release the motor vehicle to Plaintiff, demanded payment by Plaintiff of debt owed pre-petition to Defendant City as a precondition to releasing Plaintiff's motor vehicle and retained Plaintiff's vehicle to perfect and setoff its possessory lien against the right of Plaintiff for turnover of Plaintiff's vehicle. Defendant City at no time received relief, permission or leave from the Bankruptcy Court to demand payment of pre-petition debt from Plaintiff or retain Plaintiff's vehicle as a setoff   As a consequence, Plaintiff was denied the possession and use of Plaintiff's motor vehicle.   Plaintiff is Hispanic-American.

7.      On November 27, 2018, Plaintiff Sabrina M Hightower filed a Chapter 13 bankruptcy in this Court and was assigned Case Number 18-33010.   Immediately after the filing of bankruptcy, Plaintiff informed Defendant City of the filing of her Chapter 13 bankruptcy and demanded Defendant City to return a motor vehicle owned by Plaintiff and impounded by Defendant City.   After such demand, Defendant City refused to release the motor vehicle to Plaintiff, demanded payment by Plaintiff of debt owed pre-petition to Defendant City as a precondition to releasing Plaintiff's motor vehicle and retained Plaintiff's vehicle to perfect and setoff its possessory lien against the right of Plaintiff for turnover of Plaintiff's vehicle. Defendant City at no time received relief, permission or leave from the Bankruptcy Court to demand payment of pre-petition debt from Plaintiff or retain Plaintiff's vehicle as a setoff.   As a consequence, Plaintiff was denied the possession and use of Plaintiff's motor vehicle.   Plaintiff is African-American.

8.     On October 9, 2018, Plaintiff Kaila Selice Hill filed a Chapter 13 bankruptcy in this Court and was assigned Case Number 18-28402.   Immediately after the filing of bankruptcy, Plaintiff informed Defendant City of the filing of her Chapter 13 bankruptcy and demanded Defendant City to return a motor vehicle owned by Plaintiff and impounded by Defendant City.   After such demand, Defendant City refused to release the motor vehicle to Plaintiff, demanded payment by Plaintiff of debt owed pre-petition to Defendant City as a precondition to releasing Plaintiff's motor vehicle and retained Plaintiff's vehicle to perfect and setoff its possessory lien against the right of Plaintiff for turnover of Plaintiff's vehicle. Defendant City at no time received relief, permission or leave from the Bankruptcy Court to demand payment of pre-petition debt from Plaintiff or retain Plaintiff's vehicle as a setoff.   As a consequence, Plaintiff was denied the possession and use of Plaintiff's motor vehicle.   Plaintiff is African-American.

9.     On April 30, 2019, Plaintiff Demiko J. Little filed a Chapter 13 bankruptcy in this Court and was assigned Case Number 19-12566.   Immediately after the filing of bankruptcy, Plaintiff informed Defendant City of the filing of his Chapter 13 bankruptcy and demanded Defendant City to return a motor vehicle owned by Plaintiff and impounded by Defendant City. After such demand, Defendant City refused to release the motor vehicle to Plaintiff, demanded payment by Plaintiff of debt owed pre-petition to Defendant City as a precondition to releasing Plaintiff's motor vehicle and retained Plaintiff's vehicle to perfect and setoff its possessory lien against the right of Plaintiff for turnover of Plaintiff's vehicle.   Defendant City at no time received relief, permission or leave from the Bankruptcy Court to demand payment of

pre-petition debt from Plaintiff or retain Plaintiff's vehicle as a setoff.   As a consequence, Plaintiff was denied the possession and use of Plaintiff's motor vehicle.   Plaintiff is African-American.

10.     On August 11, 2017 and September 1, 2017, Plaintiff Shelia Holman filed Chapter 13 bankruptcies in this Court and was assigned Case Number 17-24045 and 17-26418. Immediately after the filing of bankruptcy, Plaintiff informed Defendant City of the filing of her Chapter 13 bankruptcy and demanded Defendant City to return a motor vehicle owned by Plaintiff and impounded by Defendant City.   After such demand, Defendant City refused to release the motor vehicle to Plaintiff, demanded payment by Plaintiff of debt owed pre-petition to Defendant City as a precondition to releasing Plaintiff's motor vehicle and retained Plaintiff's vehicle to perfect and setoff its possessory lien against the right of Plaintiff for turnover of Plaintiff's vehicle.   Defendant City at no time received relief, permission or leave from the Bankruptcy Court to demand payment of pre-petition debt from Plaintiff or retain Plaintiff's vehicle as a setoff.   As a consequence, Plaintiff was denied the possession and use of Plaintiff's motor vehicle.   Plaintiff is African-American.

11.     On July 12, 2016, August 15, 2016 and on July 6, 2017, Plaintiff Tony R. Jones filed bankruptcies and was assigned Case Number 16-22327, 16-26076 and 17-20197. Immediately after the filing of bankruptcy, Plaintiff informed Defendant City of the filing of his Chapter 13 bankruptcy and demanded Defendant City to return a motor vehicle owned by Plaintiff and impounded by Defendant City.   After such demand, Defendant City refused to release the motor vehicle to Plaintiff, demanded payment by Plaintiff of debt owed pre-petition

to Defendant City as a precondition to releasing Plaintiff's motor vehicle and retained Plaintiff's

vehicle to perfect and setoff its possessory lien against the right of Plaintiff for turnover of

Plaintiff's vehicle.   Defendant City at no time received relief, permission or leave from the

Bankruptcy Court to demand payment of pre-petition debt from Plaintiff or retain Plaintiff's

vehicle as a setoff.   As a consequence, Plaintiff was denied the possession and use of Plaintiff's

motor vehicle.   Plaintiff is African-American.


12.    On May 20, 2016, Plaintiff Joyce L Johnson filed a Chapter 13 bankruptcy in this

Court and was assigned Case Number 16-17084.   Immediately after the filing of bankruptcy,

Plaintiff informed Defendant City of the filing of her Chapter 13 bankruptcy and demanded

Defendant City to return a motor vehicle owned by Plaintiff and impounded by Defendant City.

After such demand, Defendant City refused to release the motor vehicle to Plaintiff, demanded

payment by Plaintiff of debt owed pre-petition to Defendant City as a precondition to releasing

Plaintiff's motor vehicle and retained Plaintiff's vehicle to perfect and setoff its possessory lien

against the right of Plaintiff for turnover of Plaintiff's vehicle.   Defendant City at no time

received relief, permission or leave from the Bankruptcy Court to demand payment of

pre-petition debt from Plaintiff or retain Plaintiff's vehicle as a setoff.   As a consequence,

Plaintiff was denied the possession and use of Plaintiff's motor vehicle.   Plaintiff is

African-American.


13.    On November 29, 2016 and April 14, 2017, Plaintiff Annie B Williams filed a

Chapter 13 bankruptcies in this Court and was assigned Case Number 16-37524 and 17-11825.

Immediately after the filing of bankruptcy, Plaintiff informed Defendant City of the filing of her

Chapter 13 bankruptcy and demanded Defendant City to return a motor vehicle owned by Plaintiff and impounded by Defendant City.  After such demand, Defendant City refused to release the motor vehicle to Plaintiff, demanded payment by Plaintiff of debt owed pre-petition to Defendant City as a precondition to releasing Plaintiff's motor vehicle and retained Plaintiff's vehicle to perfect and setoff its possessory lien against the right of Plaintiff for turnover of Plaintiff's vehicle.  Defendant City at no time received relief, permission or leave from the Bankruptcy Court to demand payment of pre-petition debt from Plaintiff or retain Plaintiff's vehicle as a setoff.  As a consequence, Plaintiff was denied the possession and use of Plaintiff's motor vehicle.   Plaintiff is African-American.

    14.    On August 21, 2018 and October 30, 2018, Plaintiff Larry Bernard Cherry filed Chapter 13 bankruptcies in this Court and was assigned Case Number 18-23598 and 18-30429. Immediately after the filing of bankruptcy, Plaintiff informed Defendant City of the filing of his Chapter 13 bankruptcy and demanded Defendant City to return a motor vehicle owned by Plaintiff and impounded by Defendant City.  After such demand, Defendant City refused to release the motor vehicle of Plaintiff and instead demanded payment by Plaintiff of debt owed to Defendant City as a precondition to releasing Plaintiff's motor vehicle.  As a consequence, Plaintiff was denied the possession and use of Plaintiff's motor vehicle.   Plaintiff is African-American.

    15.    On August 11, 2017, Plaintiff Gloria Jean Lewis filed a Chapter 13 bankruptcy in this Court and was assigned Case Number 17-24051.   Immediately after the filing of bankruptcy, Plaintiff informed Defendant City of the filing of her Chapter 13 bankruptcy and

demanded Defendant City to return a motor vehicle owned by Plaintiff and impounded by Defendant City.  After such demand, Defendant City refused to release the motor vehicle to Plaintiff, demanded payment by Plaintiff of debt owed pre-petition to Defendant City as a precondition to releasing Plaintiff's motor vehicle and retained Plaintiff's vehicle to perfect and setoff its possessory lien against the right of Plaintiff for turnover of Plaintiff's vehicle. Defendant City at no time received relief, permission or leave from the Bankruptcy Court to demand payment of pre-petition debt from Plaintiff or retain Plaintiff's vehicle as a setoff.   As a consequence, Plaintiff was denied the possession and use of Plaintiff's motor vehicle.  Plaintiff is African-American.

16.     On May 17, 2018, Plaintiff Stephen Randall Banks, III filed a Chapter 13 bankruptcy in this Court and was assigned Case Number 18-14402.   Immediately after the filing of bankruptcy, Plaintiff informed Defendant City of the filing of his Chapter 13 bankruptcy and demanded Defendant City to return a motor vehicle owned by Plaintiff and impounded by Defendant City.  After such demand, Defendant City refused to release the motor vehicle to Plaintiff, demanded payment by Plaintiff of debt owed pre-petition to Defendant City as a precondition to releasing Plaintiff's motor vehicle and retained Plaintiff's vehicle to perfect and setoff its possessory lien against the right of Plaintiff for turnover of Plaintiff's vehicle. Defendant City at no time received relief, permission or leave from the Bankruptcy Court to demand payment of pre-petition debt from Plaintiff or retain Plaintiff's vehicle as a setoff.   As a consequence, Plaintiff was denied the possession and use of Plaintiff's motor vehicle.  Plaintiff is African-American.

17.    On August 21, 2018, Plaintiff Christina C. Thirston filed a Chapter 13 bankruptcy in this Court and was assigned Case Number 18-23628.  Immediately after the filing of bankruptcy, Plaintiff informed Defendant City of the filing of her Chapter 13 bankruptcy and demanded Defendant City to return a motor vehicle owned by Plaintiff and impounded by Defendant City.  After such demand, Defendant City refused to release the motor vehicle to Plaintiff, demanded payment by Plaintiff of debt owed pre-petition to Defendant City as a precondition to releasing Plaintiff's motor vehicle and retained Plaintiff's vehicle to perfect and setoff its possessory lien against the right of Plaintiff for turnover of Plaintiff's vehicle. Defendant City at no time received relief, permission or leave from the Bankruptcy Court to demand payment of pre-petition debt from Plaintiff or retain Plaintiff's vehicle as a setoff.   As a consequence, Plaintiff was denied the possession and use of Plaintiff's motor vehicle.   Plaintiff is African-American.

18.    On August 14, 2017, Plaintiff Krystle Chalmers filed a Chapter 13 bankruptcy in this Court and was assigned Case Number 17-24261.   Immediately after the filing of bankruptcy, Plaintiff informed Defendant City of the filing of her Chapter 13 bankruptcy and demanded Defendant City to return a motor vehicle owned by Plaintiff and impounded by Defendant City.  After such demand, Defendant City refused to release the motor vehicle to Plaintiff, demanded payment by Plaintiff of debt owed pre-petition to Defendant City as a precondition to releasing Plaintiff's motor vehicle and retained Plaintiff's vehicle to perfect and setoff its possessory lien against the right of Plaintiff for turnover of Plaintiff's vehicle. Defendant City at no time received relief, permission or leave from the Bankruptcy Court to demand payment of pre-petition debt from Plaintiff or retain Plaintiff's vehicle as a setoff.   As a

consequence, Plaintiff was denied the possession and use of Plaintiff's motor vehicle.  Plaintiff

is African-American.

19.   On October 22, 2018, Plaintiff Natasha Marie McDonald filed a Chapter 13

bankruptcy in this Court and was assigned Case Number 18-29590.  Immediately after the filing

of bankruptcy, Plaintiff informed Defendant City of the filing of her Chapter 13 bankruptcy and

demanded Defendant City to return a motor vehicle owned by Plaintiff and impounded by

Defendant City.  After such demand, Defendant City refused to release the motor vehicle to

Plaintiff, demanded payment by Plaintiff of debt owed pre-petition to Defendant City as a

precondition to releasing Plaintiff's motor vehicle and retained Plaintiff's vehicle to perfect and

setoff its possessory lien against the right of Plaintiff for turnover of Plaintiff's vehicle.

Defendant City at no time received relief, permission or leave from the Bankruptcy Court to

demand payment of pre-petition debt from Plaintiff or retain Plaintiff's vehicle as a setoff.   As a

consequence, Plaintiff was denied the possession and use of Plaintiff's motor vehicle.  Plaintiff

is African-American.

20.   On April 3, 2018, Plaintiff Andrew Christopher Ferrell filed a Chapter 13

bankruptcy in this Court and was assigned Case Number 18-09737.  Immediately after the filing

of bankruptcy, Plaintiff informed Defendant City of the filing of his Chapter 13 bankruptcy and

demanded Defendant City to return a motor vehicle owned by Plaintiff and impounded by

Defendant City.  After such demand, Defendant City refused to release the motor vehicle to

Plaintiff, demanded payment by Plaintiff of debt owed pre-petition to Defendant City as a

precondition to releasing Plaintiff's motor vehicle and retained Plaintiff's vehicle to perfect and

setoff its possessory lien against the right of Plaintiff for turnover of Plaintiff's vehicle. Defendant City at no time received relief, permission or leave from the Bankruptcy Court to demand payment of pre-petition debt from Plaintiff or retain Plaintiff's vehicle as a setoff.   As a consequence, Plaintiff was denied the possession and use of Plaintiff's motor vehicle.   Plaintiff is African-American.

21.    On January 17, 2019, Plaintiff Leo Paul Reeder, Jr., filed a Chapter 13 bankruptcy in this Court and was assigned Case Number 19-01393.   Immediately after the filing of bankruptcy, Plaintiff informed Defendant City of the filing of his Chapter 13 bankruptcy and demanded Defendant City to return a motor vehicle owned by Plaintiff and impounded by Defendant City.   After such demand, Defendant City refused to release the motor vehicle to Plaintiff, demanded payment by Plaintiff of debt owed pre-petition to Defendant City as a precondition to releasing Plaintiff's motor vehicle and retained Plaintiff's vehicle to perfect and setoff its possessory lien against the right of Plaintiff for turnover of Plaintiff's vehicle. Defendant City at no time received relief, permission or leave from the Bankruptcy Court to demand payment of pre-petition debt from Plaintiff or retain Plaintiff's vehicle as a setoff.   As a consequence, Plaintiff was denied the possession and use of Plaintiff's motor vehicle.   Plaintiff is African-American.

22.    On January 25, 2018, Plaintiff Calvin Dixon filed a Chapter 13 bankruptcy in this Court and was assigned Case Number 18-02170.   Immediately after the filing of bankruptcy, Plaintiff informed Defendant City of the filing of his Chapter 13 bankruptcy and demanded Defendant City to return a motor vehicle owned by Plaintiff and impounded by Defendant City.

After such demand, Defendant City refused to release the motor vehicle to Plaintiff, demanded payment by Plaintiff of debt owed pre-petition to Defendant City as a precondition to releasing Plaintiff's motor vehicle and retained Plaintiff's vehicle to perfect and setoff its possessory lien against the right of Plaintiff for turnover of Plaintiff's vehicle. Defendant City at no time received relief, permission or leave from the Bankruptcy Court to demand payment of pre-petition debt from Plaintiff or retain Plaintiff's vehicle as a setoff. As a consequence, Plaintiff was denied the possession and use of Plaintiff's motor vehicle. Plaintiff is African-American.

23.    January 13, 2017, Plaintiff Breonca Hyles, filed a Chapter 13 bankruptcy in this Court and was assigned Case Number 17-01099. Immediately after the filing of bankruptcy, Plaintiff informed Defendant City of the filing of her Chapter 13 bankruptcy and demanded Defendant City to return a motor vehicle owned by Plaintiff and impounded by Defendant City. After such demand, Defendant City refused to release the motor vehicle to Plaintiff, demanded payment by Plaintiff of debt owed pre-petition to Defendant City as a precondition to releasing Plaintiff's motor vehicle and retained Plaintiff's vehicle to perfect and setoff its possessory lien against the right of Plaintiff for turnover of Plaintiff's vehicle. Defendant City at no time received relief, permission or leave from the Bankruptcy Court to demand payment of pre-petition debt from Plaintiff or retain Plaintiff's vehicle as a setoff. As a consequence, Plaintiff was denied the possession and use of Plaintiff's motor vehicle. Plaintiff is African-American.

24.    On February 19, 2019, Plaintiff Preal Jones, filed a Chapter 13 bankruptcy in this

Court and was assigned Case Number 19-4375.   Immediately after the filing of bankruptcy,
Plaintiff informed Defendant City of the filing of his Chapter 13 bankruptcy and demanded
Defendant City to return a motor vehicle owned by Plaintiff and impounded by Defendant City.
After such demand, Defendant City refused to release the motor vehicle to Plaintiff, demanded
payment by Plaintiff of debt owed pre-petition to Defendant City as a precondition to releasing
Plaintiff's motor vehicle and retained Plaintiff's vehicle to perfect and setoff its possessory lien
against the right of Plaintiff for turnover of Plaintiff's vehicle.   Defendant City at no time
received relief, permission or leave from the Bankruptcy Court to demand payment of
pre-petition debt from Plaintiff or retain Plaintiff's vehicle as a setoff.   As a consequence,
Plaintiff was denied the possession and use of Plaintiff's motor vehicle.   Plaintiff is
African-American.

    25.   On March 17, 2017, Plaintiff Tevida B Nocentelli, filed a Chapter 13 bankruptcy in
this Court and was assigned Case Number 17-08400.   Immediately after the filing of
bankruptcy, Plaintiff informed Defendant City of the filing of her Chapter 13 bankruptcy and
demanded Defendant City to return a motor vehicle owned by Plaintiff and impounded by
Defendant City.   After such demand, Defendant City refused to release the motor vehicle to
Plaintiff, demanded payment by Plaintiff of debt owed pre-petition to Defendant City as a
precondition to releasing Plaintiff's motor vehicle and retained Plaintiff's vehicle to perfect and
setoff its possessory lien against the right of Plaintiff for turnover of Plaintiff's vehicle.
Defendant City at no time received relief, permission or leave from the Bankruptcy Court to
demand payment of pre-petition debt from Plaintiff or retain Plaintiff's vehicle as a setoff.   As a
consequence, Plaintiff was denied the possession and use of Plaintiff's motor vehicle.   Plaintiff

is African-American.

26.   On January 17, 2018, Plaintiff Roshelle Kinchen Lewis filed a Chapter 13 bankruptcy in this Court and was assigned Case Number 18-01320.   Immediately after the filing of bankruptcy, Plaintiff informed Defendant City of the filing of her Chapter 13 bankruptcy and demanded Defendant City to return a motor vehicle owned by Plaintiff and impounded by Defendant City.   After such demand, Defendant City refused to release the motor vehicle to Plaintiff, demanded payment by Plaintiff of debt owed pre-petition to Defendant City as a precondition to releasing Plaintiff's motor vehicle and retained Plaintiff's vehicle to perfect and setoff its possessory lien against the right of Plaintiff for turnover of Plaintiff's vehicle. Defendant City at no time received relief, permission or leave from the Bankruptcy Court to demand payment of pre-petition debt from Plaintiff or retain Plaintiff's vehicle as a setoff.   As a consequence, Plaintiff was denied the possession and use of Plaintiff's motor vehicle.   Plaintiff is African-American.

27.   On January 29, 2019, Plaintiff Felix Rivera filed a Chapter 13 bankruptcy in this Court and was assigned Case Number 19-02391.   Immediately after the filing of bankruptcy, Plaintiff informed Defendant City of the filing of his Chapter 13 bankruptcy and demanded Defendant City to return a motor vehicle owned by Plaintiff and impounded by Defendant City. After such demand, Defendant City refused to release the motor vehicle to Plaintiff, demanded payment by Plaintiff of debt owed pre-petition to Defendant City as a precondition to releasing Plaintiff's motor vehicle and retained Plaintiff's vehicle to perfect and setoff its possessory lien against the right of Plaintiff for turnover of Plaintiff's vehicle.   Defendant City at no time

received relief, permission or leave from the Bankruptcy Court to demand payment of pre-petition debt from Plaintiff or retain Plaintiff's vehicle as a setoff.   As a consequence, Plaintiff was denied the possession and use of Plaintiff's motor vehicle.   Plaintiff is Hispanic-American.

28.   On February 13, 2019, Plaintiffs Craig E and Harriett Payne filed a Chapter 13 bankruptcy in this Court and was assigned Case Number 19-03754.   Immediately after the filing of bankruptcy, Plaintiffs informed Defendant City of the filing of their Chapter 13 bankruptcy and demanded Defendant City to return two motor vehicles owned by Plaintiffs and impounded by Defendant City.   After such demand, Defendant City refused to release the motor vehicle to Plaintiff, demanded payment by Plaintiff of debt owed pre-petition to Defendant City as a precondition to releasing Plaintiff's motor vehicle and retained Plaintiff's vehicle to perfect and setoff its possessory lien against the right of Plaintiff for turnover of Plaintiff's vehicle. Defendant City at no time received relief, permission or leave from the Bankruptcy Court to demand payment of pre-petition debt from Plaintiff or retain Plaintiff's vehicle as a setoff.   As a consequence, Plaintiff was denied the possession and use of Plaintiff's motor vehicle.   Plaintiffs are African-American.

29.   On October 24, 2018, Plaintiff Larry J Outlaw filed a Chapter 13 bankruptcy in this Court and was assigned Case Number 18-29901.   Immediately after the filing of bankruptcy, Plaintiff informed Defendant City of the filing of his Chapter 13 bankruptcy and demanded Defendant City to return a motor vehicle owned by Plaintiff and impounded by Defendant City. After such demand, Defendant City refused to release the motor vehicle to Plaintiff, demanded

payment by Plaintiff of debt owed pre-petition to Defendant City as a precondition to releasing Plaintiff's motor vehicle and retained Plaintiff's vehicle to perfect and setoff its possessory lien against the right of Plaintiff for turnover of Plaintiff's vehicle.  Defendant City at no time received relief, permission or leave from the Bankruptcy Court to demand payment of pre-petition debt from Plaintiff or retain Plaintiff's vehicle as a setoff.  As a consequence, Plaintiff was denied the possession and use of Plaintiff's motor vehicle.  Plaintiff is African-American.

30.   On April 4, 2017, Plaintiff Stephen D Collum filed a Chapter 13 bankruptcy in this Court and was assigned Case Number 17-10689.  Immediately after the filing of bankruptcy, Plaintiff informed Defendant City of the filing of his Chapter 13 bankruptcy and demanded Defendant City to return a motor vehicle owned by Plaintiff and impounded by Defendant City. After such demand, Defendant City refused to release the motor vehicle to Plaintiff, demanded payment by Plaintiff of debt owed pre-petition to Defendant City as a precondition to releasing Plaintiff's motor vehicle and retained Plaintiff's vehicle to perfect and setoff its possessory lien against the right of Plaintiff for turnover of Plaintiff's vehicle.  Defendant City at no time received relief, permission or leave from the Bankruptcy Court to demand payment of pre-petition debt from Plaintiff or retain Plaintiff's vehicle as a setoff.  As a consequence, Plaintiff was denied the possession and use of Plaintiff's motor vehicle.  Plaintiff is African-American.

31.   On May 1, 2017, Plaintiff Bernard Powell filed a Chapter 13 bankruptcy in this Court and was assigned Case Number 17-13712.  Immediately after the filing of bankruptcy,

Plaintiff informed Defendant City of the filing of his Chapter 13 bankruptcy and demanded Defendant City to return a motor vehicle owned by Plaintiff and impounded by Defendant City. After such demand, Defendant City refused to release the motor vehicle to Plaintiff, demanded payment by Plaintiff of debt owed pre-petition to Defendant City as a precondition to releasing Plaintiff's motor vehicle and retained Plaintiff's vehicle to perfect and setoff its possessory lien against the right of Plaintiff for turnover of Plaintiff's vehicle.  Defendant City at no time received relief, permission or leave from the Bankruptcy Court to demand payment of pre-petition debt from Plaintiff or retain Plaintiff's vehicle as a setoff.  As a consequence, Plaintiff was denied the possession and use of Plaintiff's motor vehicle.  Plaintiff is African-American.

32.  October 28, 2013, Plaintiff Marilynn Pagan filed a Chapter 13 bankruptcy in this Court and was assigned Case Number 13-41993.  After the filing of bankruptcy, Plaintiff informed Defendant City of the filing of her Chapter 13 bankruptcy and demanded Defendant City to return a motor vehicle owned by Plaintiff and impounded by Defendant CityAfter such demand, Defendant City refused to release the motor vehicle to Plaintiff, demanded payment by Plaintiff of debt owed pre-petition to Defendant City as a precondition to releasing Plaintiff's motor vehicle and retained Plaintiff's vehicle to perfect and setoff its possessory lien against the right of Plaintiff for turnover of Plaintiff's vehicle.  Defendant City at no time received relief, permission or leave from the Bankruptcy Court to demand payment of pre-petition debt from Plaintiff or retain Plaintiff's vehicle as a setoff.  As a consequence, Plaintiff was denied the possession and use of Plaintiff's motor vehicle.  Plaintiff is Hispanic-American.

33.   On December 29, 2017, Plaintiff Helen E Henning filed a Chapter 13 bankruptcy in this Court and was assigned Case Number 17-38333.   Immediately after the filing of bankruptcy, Plaintiff informed Defendant City of the filing of her Chapter 13 bankruptcy and demanded Defendant City to return a motor vehicle owned by Plaintiff and impounded by Defendant City.   After such demand, Defendant City refused to release the motor vehicle to Plaintiff, demanded payment by Plaintiff of debt owed pre-petition to Defendant City as a precondition to releasing Plaintiff's motor vehicle and retained Plaintiff's vehicle to perfect and setoff its possessory lien against the right of Plaintiff for turnover of Plaintiff's vehicle. Defendant City at no time received relief, permission or leave from the Bankruptcy Court to demand payment of pre-petition debt from Plaintiff or retain Plaintiff's vehicle as a setoff. Plaintiff is African-American.

34.   On September 27, 2017, Plaintiff Christopher Campbell filed a Chapter 13 bankruptcy in this Court and was assigned Case Number 17-28853.   Immediately after the filing of bankruptcy, Plaintiff informed Defendant City of the filing of his Chapter 13 bankruptcy and demanded Defendant City to return a motor vehicle owned by Plaintiff and impounded by Defendant City.   After such demand, Defendant City refused to release the motor vehicle to Plaintiff, demanded payment by Plaintiff of debt owed pre-petition to Defendant City as a precondition to releasing Plaintiff's motor vehicle and retained Plaintiff's vehicle to perfect and setoff its possessory lien against the right of Plaintiff for turnover of Plaintiff's vehicle. Defendant City at no time received relief, permission or leave from the Bankruptcy Court to demand payment of pre-petition debt from Plaintiff or retain Plaintiff's vehicle as a setoff.   As a consequence, Plaintiff was denied the possession and use of Plaintiff's motor vehicle.   Plaintiff

is African-American.

35.    On December 14, 2018, Plaintiff Tyrone Williams filed a Chapter 13 bankruptcy in this Court and was assigned Case Number 18-34632.    Immediately after the filing of bankruptcy, Plaintiff informed Defendant City of the filing of his Chapter 13 bankruptcy and demanded Defendant City to return a motor vehicle owned by Plaintiff and impounded by Defendant City.    After such demand, Defendant City refused to release the motor vehicle to Plaintiff, demanded payment by Plaintiff of debt owed pre-petition to Defendant City as a precondition to releasing Plaintiff's motor vehicle and retained Plaintiff's vehicle to perfect and setoff its possessory lien against the right of Plaintiff for turnover of Plaintiff's vehicle. Defendant City at no time received relief, permission or leave from the Bankruptcy Court to demand payment of pre-petition debt from Plaintiff or retain Plaintiff's vehicle as a setoff.    As a consequence, Plaintiff was denied the possession and use of Plaintiff's motor vehicle.    Plaintiff is African-American.

36.    On March 15, 2018, Plaintiff Tabitha Chatmon filed a Chapter 13 bankruptcy in this Court and was assigned Case Number 18-34632.    Immediately after the filing of bankruptcy, Plaintiff informed Defendant City of the filing of her Chapter 13 bankruptcy and demanded Defendant City to return a motor vehicle owned by Plaintiff and impounded by Defendant City. After such demand, Defendant City refused to release the motor vehicle to Plaintiff, demanded payment by Plaintiff of debt owed pre-petition to Defendant City as a precondition to releasing Plaintiff's motor vehicle and retained Plaintiff's vehicle to perfect and setoff its possessory lien against the right of Plaintiff for turnover of Plaintiff's vehicle.    Defendant City at no time

received relief, permission or leave from the Bankruptcy Court to demand payment of pre-petition debt from Plaintiff or retain Plaintiff's vehicle as a setoff. As a consequence, Plaintiff was denied the possession and use of Plaintiff's motor vehicle. Plaintiff is African-American.

37.  On July 2, 2018, Plaintiff Magic J. Jones filed a Chapter 13 bankruptcy in this Court and was assigned Case Number 18-18770 and a Chapter 7 bankruptcy and was assigned Case Number 19-01531. Immediately after the filing of each bankruptcy, Plaintiff informed Defendant City of the filing of his bankruptcy and demanded Defendant City to return a motor vehicle owned by Plaintiff and impounded by Defendant City. After such demand, Defendant City refused to release the motor vehicle to Plaintiff, demanded payment by Plaintiff of debt owed pre-petition to Defendant City as a precondition to releasing Plaintiff's motor vehicle and retained Plaintiff's vehicle to perfect and setoff its possessory lien against the right of Plaintiff for turnover of Plaintiff's vehicle. Defendant City at no time received relief, permission or leave from the Bankruptcy Court to demand payment of pre-petition debt from Plaintiff or retain Plaintiff's vehicle as a setoff. As a consequence, Plaintiff was denied the possession and use of Plaintiff's motor vehicle. Plaintiff is African-American

38.  On October 18, 2017, Plaintiff Dwayne E Kennedy filed a Chapter 13 bankruptcy in this Court and was assigned Case Number 17-31151. Immediately after the filing of this bankruptcy, Plaintiff informed Defendant City of the filing of his bankruptcy and demanded Defendant City to return a motor vehicle owned by Plaintiff and impounded by Defendant City. After such demand, Defendant City refused to release the motor vehicle to Plaintiff, demanded

payment by Plaintiff of debt owed pre-petition to Defendant City as a precondition to releasing Plaintiff's motor vehicle and retained Plaintiff's vehicle to perfect and setoff its possessory lien against the right of Plaintiff for turnover of Plaintiff's vehicle.   Defendant City at no time received relief, permission or leave from the Bankruptcy Court to demand payment of pre-petition debt from Plaintiff or retain Plaintiff's vehicle as a setoff.   As a consequence, Plaintiff was denied the possession and use of Plaintiff's motor vehicle.   Plaintiff is African-American.

39.   On October 20, 2017, Plaintiff Tatiana Marshall filed a Chapter 13 bankruptcy in this Court and was assigned Case Number 17-31461.   Immediately after the filing of this bankruptcy, Plaintiff informed Defendant City of the filing of her bankruptcy and demanded Defendant City to return a motor vehicle owned by Plaintiff and impounded by Defendant City. After such demand, Defendant City refused to release the motor vehicle to Plaintiff, demanded payment by Plaintiff of debt owed pre-petition to Defendant City as a precondition to releasing Plaintiff's motor vehicle and retained Plaintiff's vehicle to perfect and setoff its possessory lien against the right of Plaintiff for turnover of Plaintiff's vehicle.   Defendant City at no time received relief, permission or leave from the Bankruptcy Court to demand payment of pre-petition debt from Plaintiff or retain Plaintiff's vehicle as a setoff.   As a consequence, Plaintiff was denied the possession and use of Plaintiff's motor vehicle.   Plaintiff is African-American.

40.   On February 16, 2017, Plaintiff Kendric Sandifer filed a Chapter 13 bankruptcy in this Court and was assigned Case Number 17-04503.   Immediately after the filing of this

bankruptcy, Plaintiff informed Defendant City of the filing of his bankruptcy and demanded Defendant City to return a motor vehicle owned by Plaintiff and impounded by Defendant City. After such demand, Defendant City refused to release the motor vehicle to Plaintiff, demanded payment by Plaintiff of debt owed pre-petition to Defendant City as a precondition to releasing Plaintiff's motor vehicle and retained Plaintiff's vehicle to perfect and setoff its possessory lien against the right of Plaintiff for turnover of Plaintiff's vehicle.   Defendant City at no time received relief, permission or leave from the Bankruptcy Court to demand payment of pre-petition debt from Plaintiff or retain Plaintiff's vehicle as a setoff.   As a consequence, Plaintiff was denied the possession and use of Plaintiff's motor vehicle.   Plaintiff is African-American.

41.   March 20, 2017, Plaintiff Dontrea S Jones filed a Chapter 13 bankruptcy in this Court and was assigned Case Number 17-08707.   Immediately after the filing of this bankruptcy, Plaintiff informed Defendant City of the filing of her bankruptcy and demanded Defendant City to return a motor vehicle owned by Plaintiff and impounded by Defendant CityAfter such demand, Defendant City refused to release the motor vehicle to Plaintiff, demanded payment by Plaintiff of debt owed pre-petition to Defendant City as a precondition to releasing Plaintiff's motor vehicle and retained Plaintiff's vehicle to perfect and setoff its possessory lien against the right of Plaintiff for turnover of Plaintiff's vehicle.   Defendant City at no time received relief, permission or leave from the Bankruptcy Court to demand payment of pre-petition debt from Plaintiff or retain Plaintiff's vehicle as a setoff.   As a consequence, Plaintiff was denied the possession and use of Plaintiff's motor vehicle.   Plaintiff is African-American.

42. On August 21, 2017, Plaintiff Adrienne L Butler filed a Chapter 13 bankruptcy in this Court and was assigned Case Number 17-25014. Immediately after the filing of this bankruptcy, Plaintiff informed Defendant City of the filing of her bankruptcy and demanded Defendant City to return a motor vehicle owned by Plaintiff and impounded by Defendant City. After such demand, Defendant City refused to release the motor vehicle to Plaintiff, demanded payment by Plaintiff of debt owed pre-petition to Defendant City as a precondition to releasing Plaintiff's motor vehicle and retained Plaintiff's vehicle to perfect and setoff its possessory lien against the right of Plaintiff for turnover of Plaintiff's vehicle. Defendant City at no time received relief, permission or leave from the Bankruptcy Court to demand payment of pre-petition debt from Plaintiff or retain Plaintiff's vehicle as a setoff. As a consequence, Plaintiff was denied the possession and use of Plaintiff's motor vehicle. Plaintiff is African-American.

43. On October 18, 2018, Plaintiff Trevor E Baxter filed a Chapter 13 bankruptcy in this Court and was assigned Case Number 18-29306. Immediately after the filing of this bankruptcy, Plaintiff informed Defendant City of the filing of his bankruptcy and demanded Defendant City to return a motor vehicle owned by Plaintiff and impounded by Defendant City. After such demand, Defendant City refused to release the motor vehicle to Plaintiff, demanded payment by Plaintiff of debt owed pre-petition to Defendant City as a precondition to releasing Plaintiff's motor vehicle and retained Plaintiff's vehicle to perfect and setoff its possessory lien against the right of Plaintiff for turnover of Plaintiff's vehicle. Defendant City at no time received relief, permission or leave from the Bankruptcy Court to demand payment of

pre-petition debt from Plaintiff or retain Plaintiff's vehicle as a setoff. As a consequence, Plaintiff was denied the possession and use of Plaintiff's motor vehicle. Plaintiff is African-American.

44.   On September 1, 2017, Plaintiff Taquesha Newton filed a Chapter 13 bankruptcy in this Court and was assigned Case Number 17-26473. Immediately after the filing of this bankruptcy, Plaintiff informed Defendant City of the filing of her bankruptcy and demanded Defendant City to return a motor vehicle owned by Plaintiff and impounded by Defendant City. After such demand, Defendant City refused to release the motor vehicle to Plaintiff, demanded payment by Plaintiff of debt owed pre-petition to Defendant City as a precondition to releasing Plaintiff's motor vehicle and retained Plaintiff's vehicle to perfect and setoff its possessory lien against the right of Plaintiff for turnover of Plaintiff's vehicle. Defendant City at no time received relief, permission or leave from the Bankruptcy Court to demand payment of pre-petition debt from Plaintiff or retain Plaintiff's vehicle as a setoff. As a consequence, Plaintiff was denied the possession and use of Plaintiff's motor vehicle. Plaintiff is African-American.

45.   On April 27, 2018, Plaintiff Ronald B Williams filed a Chapter 13 bankruptcy in this Court and was assigned Case Number 18-12485. Immediately after the filing of this bankruptcy, Plaintiff informed Defendant City of the filing of his bankruptcy and demanded Defendant City to return a motor vehicle owned by Plaintiff and impounded by Defendant City. After such demand, Defendant City refused to release the motor vehicle to Plaintiff, demanded payment by Plaintiff of debt owed pre-petition to Defendant City as a precondition to releasing

Plaintiff's motor vehicle and retained Plaintiff's vehicle to perfect and setoff its possessory lien against the right of Plaintiff for turnover of Plaintiff's vehicle. Defendant City at no time received relief, permission or leave from the Bankruptcy Court to demand payment of pre-petition debt from Plaintiff or retain Plaintiff's vehicle as a setoff. As a consequence, Plaintiff was denied the possession and use of Plaintiff's motor vehicle. Plaintiff is African-American.

46.    April 25, 2018, Plaintiff Lamont McBride filed a Chapter 13 bankruptcy in this Court and was assigned Case Number 18-12021. Immediately after the filing of this bankruptcy, Plaintiff informed Defendant City of the filing of his bankruptcy and demanded Defendant City to return a motor vehicle owned by Plaintiff and impounded by Defendant CityAfter such demand, Defendant City refused to release the motor vehicle to Plaintiff, demanded payment by Plaintiff of debt owed pre-petition to Defendant City as a precondition to releasing Plaintiff's motor vehicle and retained Plaintiff's vehicle to perfect and setoff its possessory lien against the right of Plaintiff for turnover of Plaintiff's vehicle. Defendant City at no time received relief, permission or leave from the Bankruptcy Court to demand payment of pre-petition debt from Plaintiff or retain Plaintiff's vehicle as a setoff. As a consequence, Plaintiff was denied the possession and use of Plaintiff's motor vehicle. Plaintiff is African-American.

47.    On February 13, 2018, Plaintiff Larry B Purnell filed a Chapter 13 bankruptcy in this Court and was assigned Case Number 18-03895. Immediately after the filing of this bankruptcy, Plaintiff informed Defendant City of the filing of his bankruptcy and demanded Defendant City to return a motor vehicle owned by Plaintiff and impounded by Defendant City.

After such demand, Defendant City refused to release the motor vehicle to Plaintiff, demanded

payment by Plaintiff of debt owed pre-petition to Defendant City as a precondition to releasing

Plaintiff's motor vehicle and retained Plaintiff's vehicle to perfect and setoff its possessory lien

against the right of Plaintiff for turnover of Plaintiff's vehicle.   Defendant City at no time

received relief, permission or leave from the Bankruptcy Court to demand payment of

pre-petition debt from Plaintiff or retain Plaintiff's vehicle as a setoff.   As a consequence,

Plaintiff was denied the possession and use of Plaintiff's motor vehicle.   Plaintiff is

African-American.


48.    On October 18, 2017, Plaintiff Dwayne E Kennedy filed a Chapter 13 bankruptcy in

this Court and was assigned Case Number 17-31151.   Immediately after the filing of this

bankruptcy, Plaintiff informed Defendant City of the filing of his bankruptcy and demanded

Defendant City to return a motor vehicle owned by Plaintiff and impounded by Defendant City.

After such demand, Defendant City refused to release the motor vehicle to Plaintiff, demanded

payment by Plaintiff of debt owed pre-petition to Defendant City as a precondition to releasing

Plaintiff's motor vehicle and retained Plaintiff's vehicle to perfect and setoff its possessory lien

against the right of Plaintiff for turnover of Plaintiff's vehicle.   Defendant City at no time

received relief, permission or leave from the Bankruptcy Court to demand payment of

pre-petition debt from Plaintiff or retain Plaintiff's vehicle as a setoff.   As a consequence,

Plaintiff was denied the possession and use of Plaintiff's motor vehicle.   Plaintiff is

African-American.


49.    On June 15, 2018, Plaintiffs Laterence Michell and Rashanda Hogan-Mitchell filed a

Chapter 13 bankruptcy in this Court and was assigned Case Number 18-17129.  Immediately after the filing of this bankruptcy, Plaintiffs informed Defendant City of the filing of their bankruptcy and demanded Defendant City to return a motor vehicle owned by Plaintiff and impounded by Defendant City.  After such demand, Defendant City refused to release the motor vehicle to Plaintiff, demanded payment by Plaintiff of debt owed pre-petition to Defendant City as a precondition to releasing Plaintiff's motor vehicle and retained Plaintiff's vehicle to perfect and setoff its possessory lien against the right of Plaintiff for turnover of Plaintiff's vehicle.  Defendant City at no time received relief, permission or leave from the Bankruptcy Court to demand payment of pre-petition debt from Plaintiff or retain Plaintiff's vehicle as a setoff.   As a consequence, Plaintiff was denied the possession and use of Plaintiff's motor vehicle.   Plaintiffs are African-American.

50.    On August 22, 2018, Plaintiff Ira Haymore filed a Chapter 13 bankruptcy in this Court and was assigned Case Number 18-23758.   Immediately after the filing of this bankruptcy, Plaintiff informed Defendant City of the filing of his bankruptcy and demanded Defendant City to return a motor vehicle owned by Plaintiff and impounded by Defendant City. After such demand, Defendant City refused to release the motor vehicle to Plaintiff, demanded payment by Plaintiff of debt owed pre-petition to Defendant City as a precondition to releasing Plaintiff's motor vehicle and retained Plaintiff's vehicle to perfect and setoff its possessory lien against the right of Plaintiff for turnover of Plaintiff's vehicle.   Defendant City at no time received relief, permission or leave from the Bankruptcy Court to demand payment of pre-petition debt from Plaintiff or retain Plaintiff's vehicle as a setoff.   As a consequence, Plaintiff was denied the possession and use of Plaintiff's motor vehicle.   Plaintiff is

African-American.

51.   On June 8, 2018, Plaintiff Brandon W Brown filed a Chapter 13 bankruptcy in this Court and was assigned Case Number 18-16480.   Immediately after the filing of this bankruptcy, Plaintiff informed Defendant City of the filing of his bankruptcy and demanded Defendant City to return a motor vehicle owned by Plaintiff and impounded by Defendant City. After such demand, Defendant City refused to release the motor vehicle to Plaintiff, demanded payment by Plaintiff of debt owed pre-petition to Defendant City as a precondition to releasing Plaintiff's motor vehicle and retained Plaintiff's vehicle to perfect and setoff its possessory lien against the right of Plaintiff for turnover of Plaintiff's vehicle.   Defendant City at no time received relief, permission or leave from the Bankruptcy Court to demand payment of pre-petition debt from Plaintiff or retain Plaintiff's vehicle as a setoff.   As a consequence, Plaintiff was denied the possession and use of Plaintiff's motor vehicle.   Plaintiff is African-American.

52.   On October 3, 2018, Plaintiff Camelia Binder filed a Chapter 13 bankruptcy in this Court and was assigned Case Number 18-27910.   Immediately after the filing of this bankruptcy, Plaintiff informed Defendant City of the filing of her bankruptcy and demanded Defendant City to return a motor vehicle owned by Plaintiff and impounded by Defendant City. After such demand, Defendant City refused to release the motor vehicle to Plaintiff, demanded payment by Plaintiff of debt owed pre-petition to Defendant City as a precondition to releasing Plaintiff's motor vehicle and retained Plaintiff's vehicle to perfect and setoff its possessory lien against the right of Plaintiff for turnover of Plaintiff's vehicle.   Defendant City at no time

received relief, permission or leave from the Bankruptcy Court to demand payment of pre-petition debt from Plaintiff or retain Plaintiff's vehicle as a setoff. As a consequence, Plaintiff was denied the possession and use of Plaintiff's motor vehicle. Plaintiff is African-American.

53.     August 29, 2018, Plaintiff Montine Osbey filed a Chapter 13 bankruptcy in this Court and was assigned Case Number 18-24442. Immediately after the filing of this bankruptcy, Plaintiff informed Defendant City of the filing of her bankruptcy and demanded Defendant City to return a motor vehicle owned by Plaintiff and impounded by Defendant City. After such demand, Defendant City refused to release the motor vehicle to Plaintiff, demanded payment by Plaintiff of debt owed pre-petition to Defendant City as a precondition to releasing Plaintiff's motor vehicle and retained Plaintiff's vehicle to perfect and setoff its possessory lien against the right of Plaintiff for turnover of Plaintiff's vehicle. Defendant City at no time received relief, permission or leave from the Bankruptcy Court to demand payment of pre-petition debt from Plaintiff or retain Plaintiff's vehicle as a setoff. As a consequence, Plaintiff was denied the possession and use of Plaintiff's motor vehicle. Plaintiff is African-American.

54.     On April 27, 2018, Plaintiff Deion Sanders filed a Chapter 13 bankruptcy in this Court and was assigned Case Number 18-12353. Immediately after the filing of this bankruptcy, Plaintiff informed Defendant City of the filing of her bankruptcy and demanded Defendant City to return a motor vehicle owned by Plaintiff and impounded by Defendant City. After such demand, Defendant City refused to release the motor vehicle to Plaintiff, demanded payment by Plaintiff of debt owed pre-petition to Defendant City as a precondition to releasing

Plaintiff's motor vehicle and retained Plaintiff's vehicle to perfect and setoff its possessory lien against the right of Plaintiff for turnover of Plaintiff's vehicle. Defendant City at no time received relief, permission or leave from the Bankruptcy Court to demand payment of pre-petition debt from Plaintiff or retain Plaintiff's vehicle as a setoff. As a consequence, Plaintiff was denied the possession and use of Plaintiff's motor vehicle. Plaintiff is African-American.

55. On July 26, 2018, Plaintiff Victor G Perez filed a Chapter 13 bankruptcy in this Court and was assigned Case Number 18-20942. Immediately after the filing of this bankruptcy, Plaintiff informed Defendant City of the filing of his bankruptcy and demanded Defendant City to return a motor vehicle owned by Plaintiff and impounded by Defendant CityAfter such demand, Defendant City refused to release the motor vehicle to Plaintiff, demanded payment by Plaintiff of debt owed pre-petition to Defendant City as a precondition to releasing Plaintiff's motor vehicle and retained Plaintiff's vehicle to perfect and setoff its possessory lien against the right of Plaintiff for turnover of Plaintiff's vehicle. Defendant City at no time received relief, permission or leave from the Bankruptcy Court to demand payment of pre-petition debt from Plaintiff or retain Plaintiff's vehicle as a setoff. As a consequence, Plaintiff was denied the possession and use of Plaintiff's motor vehicle. Plaintiff is Hispanic-American.

56. On May 11, 2017, Plaintiff Nutasha L Davis filed a Chapter 13 bankruptcy in this Court and was assigned Case Number 17-14847. Immediately after the filing of this bankruptcy, Plaintiff informed Defendant City of the filing of her bankruptcy and demanded Defendant City to return a motor vehicle owned by Plaintiff and impounded by Defendant City.

After such demand, Defendant City refused to release the motor vehicle to Plaintiff, demanded

payment by Plaintiff of debt owed pre-petition to Defendant City as a precondition to releasing

Plaintiff's motor vehicle and retained Plaintiff's vehicle to perfect and setoff its possessory lien

against the right of Plaintiff for turnover of Plaintiff's vehicle.  Defendant City at no time

received relief, permission or leave from the Bankruptcy Court to demand payment of

pre-petition debt from Plaintiff or retain Plaintiff's vehicle as a setoff.  As a consequence,

Plaintiff was denied the possession and use of Plaintiff's motor vehicle.  Plaintiff is

African-American.

57.    On  May 9, 2018, Plaintiff Steven A Williams filed a Chapter 13 bankruptcy in

this Court and was assigned Case Number 18-13603.  Immediately after the filing of this

bankruptcy, Plaintiff informed Defendant City of the filing of his bankruptcy and demanded

Defendant City to return a motor vehicle owned by Plaintiff and impounded by Defendant City.

After such demand, Defendant City refused to release the motor vehicle to Plaintiff, demanded

payment by Plaintiff of debt owed pre-petition to Defendant City as a precondition to releasing

Plaintiff's motor vehicle and retained Plaintiff's vehicle to perfect and setoff its possessory lien

against the right of Plaintiff for turnover of Plaintiff's vehicle.  Defendant City at no time

received relief, permission or leave from the Bankruptcy Court to demand payment of

pre-petition debt from Plaintiff or retain Plaintiff's vehicle as a setoff.  As a consequence,

Plaintiff was denied the possession and use of Plaintiff's motor vehicle.  Plaintiff is

African-American.


58.    On December 7, 2017, Plaintiff August Lenora Brown filed a Chapter 13

bankruptcy in this Court and was assigned Case Number 17-36425.  Immediately after the filing

of this bankruptcy, Plaintiff informed Defendant City of the filing of her bankruptcy and demanded Defendant City to return a motor vehicle owned by Plaintiff and impounded by Defendant City.   After such demand, Defendant City refused to release the motor vehicle to Plaintiff, demanded payment by Plaintiff of debt owed pre-petition to Defendant City as a precondition to releasing Plaintiff's motor vehicle and retained Plaintiff's vehicle to perfect and setoff its possessory lien against the right of Plaintiff for turnover of Plaintiff's vehicle. Defendant City at no time received relief, permission or leave from the Bankruptcy Court to demand payment of pre-petition debt from Plaintiff or retain Plaintiff's vehicle as a setoff.   As a consequence, Plaintiff was denied the possession and use of Plaintiff's motor vehicle.   Plaintiff is African-American.

59.    March 15, 2018, Plaintiff Maricela Barrera filed a Chapter 13 bankruptcy in this Court and was assigned Case Number 18-07486.   Immediately after the filing of this bankruptcy, Plaintiff informed Defendant City of the filing of her bankruptcy and demanded Defendant City to return a motor vehicle owned by Plaintiff and impounded by Defendant City. After such demand, Defendant City refused to release the motor vehicle to Plaintiff, demanded payment by Plaintiff of debt owed pre-petition to Defendant City as a precondition to releasing Plaintiff's motor vehicle and retained Plaintiff's vehicle to perfect and setoff its possessory lien against the right of Plaintiff for turnover of Plaintiff's vehicle.   Defendant City at no time received relief, permission or leave from the Bankruptcy Court to demand payment of pre-petition debt from Plaintiff or retain Plaintiff's vehicle as a setoff.   As a consequence, Plaintiff was denied the possession and use of Plaintiff's motor vehicle.   Plaintiff is Hispanic-American

60.   As to each Plaintiff, the filing of the voluntary bankruptcy petition caused each Plaintiff to be protected by the automatic stay as found at 11 USC Section 362(a).  All of the motor vehicles, as referenced above, were encompassed within the respective bankruptcy estates of the Plaintiffs

61.   Defendant City's conduct, as set forth above, naturally and proximately, caused each Plaintiff to suffer   actual damages of one or more of the following kind: loss of use of a motor vehicle; loss of value of a motor vehicle; transportation expenses; loss of wages or self-employment income; loss of a post-petition lump sum payment coerced from Plaintiff by Defendant City after violation of the automatic stay; dismissal of a Chapter 13 bankruptcy due to loss of ability to fund a Chapter 13 plan; loss of credit worthiness; loss of companionship and custody of children; and great emotional distress and damage to health, including sleepless nights, anxiety and inability to perform normal day-to-day activities.

## COUNT I-AUTOMATIC STAY AND TURNOVER VIOLATIONS

62.   The foregoing paragraphs are incorporated herein by reference.

.   63.   Defendant City's conduct violated 11 USC Section 362(a)(4), 11 USC Section 362(a)(6), and 11 USC Section 542(a).

WHEREFORE, Plaintiffs request an Order declaring that Defendant City's conduct violated the automatic stay and turnover provisions as set forth herein, awarding each Plaintiff actual damages, attorney's fees, costs of litigation, account for the value of plaintiffs' loss of property,

and granting Plaintiffs such further relief as may be just and proper.

## COUNT II-VIOLATIONS OF 11 USC SECTION 362(a)(7)

64.   The foregoing paragraphs are incorporated herein by reference.

65.   Each plaintiff refused the demand of Defendant City to pay debt owed pre-petition to Defendant City in order to secure the return of their respective motor vehicle then in the possession of Defendant City.

66.   In response to plaintiffs' refusal to pay Defendant City on pre-petition debt, Defendant City disposed of each motor vehicle of the plaintiffs by conveying such vehicles to scrap processors for salvage or by offering such vehicles for sale at public auction pursuant to Section 9-92-100(b-c) of the Municipal Code for the City of Chicago.   In fact, Defendant City sold or salvaged plaintiffs' motor vehicles to setoff Defendant City's possessory lien against the right of the plaintiffs for turnover pursuant to 11 USC Section 542(a). Defendant City's setoff was intended to permanently deprive the plaintiffs' of their property interest in their respective motor vehicles and such setoff did in fact cause plaintiffs to lose forever their ownership in their vehicles.

67.   Defendant City's routine practices of demanding payment of pre-petition debt as a precondition for release of an impounded vehicle, and of setoff when no payment was forthcoming, were undertaken without the advance filing of a Motion For Relief, Motion for Adequate Protection or similar motion with this Court. Such an avenue for redress was known by Defendant City to be available to it and, Defendant City knew, would provide an early and prompt declaration from this Court regarding Defendant City's and plaintiffs' rights in regard to impounded vehicles. Defendant City routinely refused to file motions for relief or adequate

protection because: (a) Defendant City did not wish to pay the required filing fee; (b) Defendant

City did not want to create a public court record of its conduct which it knew to be unlawful;

and, (c) Defendant City desired to exacerbate the harm suffered by Chapter 13 debtors in order to

cause debtors to fail their Chapter 13 bankruptcies and be subject to the collection of 100% of

their debt by Defendant City after dismissal of the bankruptcy.


WHEREFORE, Plaintiffs request an Order declaring that Defendant City's conduct violated the

automatic stay provision as set forth herein, awarding each Plaintiff actual damages, attorney's

fees, costs of litigation, account for the value of plaintiffs' loss of property, and granting

Plaintiffs such further relief as may be just and proper.


## COUNT III-CLASS ACTION ALLEGATIONS

68.   The foregoing paragraphs are incorporated herein by reference.

69.   Pursuant to Federal Rule of Civil Procedure 23, and Federal Rule of Bankruptcy

Procedure Rule 7023, the named Class Plaintiffs Emelida Cordova, Tony R. Jones, Joyce L.

Johnson, Tevida B. Nocentelli bring this class action and seeks certification of the claims and

issues on behalf of a Class defined as:

> **All persons whose motor vehicles were impounded by the City of Chicago under
> Chicago Municipal Code Chapter 9-100, *et seq*, during the period of January 1, 2016
> to June 19, 2019, who filed a Chapter 13 bankruptcy case in the United States
> Bankruptcy Court for the Northern District of Illinois during the aforesaid period,
> and who were thereby deprived by City of Chicago of the use or possession of their
> motor vehicle after demand for release.**

70.   Upon information and believe, Defendant City discontinued its unlawful practice of

refusing to turnover impounded to Chapter 13 debtors, as complained of herein, upon the

issuance by the Seventh Circuit Court of Appeals of the decision *In re Fulton*, Appeal No.

18-2835 (7th Cir., June 19, 2019).

71.   Plaintiffs reserve the right to amend the Class definition if further investigation and discovery indicates that the Class definition should be narrowed, expanded or otherwise modified.   Excluded from the Class are governmental entities, Defendant City, and Defendant's officers, legal representatives, employees and assigns.

72.   Defendant City's policy and practice of refusing to turnover motor vehicles to Chapter 13 debtors is uniformly applied to all Class members, including any subclass, arising out of the claim that Defendant City's actions violated 11 U.S.C. Section 542(a,) and, as a result, common questions of law and fact predominate as to all members of the Class and any subclass.

73.   Plaintiffs believe that the potential number of class members exceed 1,108 persons.

74.   Common questions of law and fact common to the Class and any subclass include, among others, the following:

- Whether Defendant City refused to release the possession of impounded motor vehicles upon demand of the owners of such motor vehicles where the owners had filed a Chapter 13 bankruptcy case;

- Whether Defendant City obtained an Order for Relief, an Order for Adequate Protection and any other Order from a court, which authorized Defendant City to refuse to release the possession of impounded motor vehicles upon demand of the owners who had filed a Chapter 13 bankruptcy case;

- Whether Defendant City refused to release the possession of impounded motor vehicles upon demand of the owners who had filed a Chapter 13 bankruptcy case in order to setoff Defendant City's possessory lien

against the right of the owner for turnover pursuant to 11 U.S.C. Section 542(a);

- Whether Defendant City obtained an Order for Relief, an Order for Adequate Protection or any other Order from a court, which authorized Defendant City to setoff its possessory lien against the right of the owners and Chapter 13 debtors for turnover pursuant to 11 U.S.C. Section 542(a);

- Whether Defendant City's refusal to turnover motor vehicles to owners who had filed a Chapter 13 bankruptcy case was so unlawful and egregious as to warrant the cancellation of all debt owed by the Chapter 13 debtors to Defendant City pursuant to the equitable powers of this Court as found at 11 U.S.C. Section 105; and,

- Whether the motor vehicles Defendant City refused to turnover to owners who had filed a Chapter 13 bankruptcy case was encompassed within the bankruptcy estate and were not of inconsequential value or benefit to the estate.

75.    The claims asserted by Plaintiffs are typical of the claims of the members of the Class and any subclass, as the claims arise from the same course of conduct by Defendant City, and the relief sought within the Class and any subclass is common to the members of each.

76.    The Class is manageable because Defendant City keeps records on each impoundment, has a standardized but illegal course of conduct or policy in regard to the turnover of impounded motor vehicles to Chapter 13 debtors and keeps track of vehicles of the location and release of impounded vehicles held during the pendency of a Chapter 13 bankruptcy cases. Identifying Class members and resolving common questions will therefore be manageable.

77.   The named Class Plaintiffs will fairly and adequately represent and protect the interest of the class.

78.   The named Class Plaintiffs and their legal counsel will fairly and adequately represent and protect the interest of the class.

79.   There are no individual questions of liability.

80.   Allowing the prosecution of these claims as separate actions would create the risk of the establishment of incompatible standards of conduct being imposed on Defendant City; would risk needlessly duplicative results and protracted proceedings; is inconsistent with the portion of the Class claims that seek injunctive or declaratory relief; and is inappropriate because common questions of law or fact predominate over questions affecting only individual members of the Class.

WHEREFORE, Plaintiffs and the members of the Class respectfully pray that:

1.   The Court certify this action as a Class action under Federal Rule of Civil Procedure 23(b)(2) and (b)(3) and their respective counterparts in the Federal Rules of Bankruptcy Procedure;

2.   That the Court declare the challenged policy, practice and course of conduct of Defendant City of refusing to turnover motor vehicles upon demand of owners who had filed a Chapter 13 bankruptcy case to be in violation of 11 U.S.C. Section 542(a);

3.   That the Court shall account for, and enter money judgments on behalf of, all Class Plaintiffs for the loss of the value of motors vehicles that Defendant City failed to turnover to Class Plaintiffs in violation of 11 U.S.C. Section 542(a); and,

4.   That the Court enter such further relief as may be just and equitable.

Dated: December 15, 2021

Firm 13, LLC.

/s/ Ross H. Briggs
Attorney for Plaintiffs
4144 Lindell Blvd, suite 202
St Louis MO 63108
773-220-7007

**CERTIFICATE OF SERVICE**:

By my signature below it is certified that on this 15th day of December, 2021 this Tenth Amended Adversary Complaint was served via the court's electronic noticing system for registrants on those designated to receive such service as provided on the attached service list. .

/s/   Ross Briggs

Registrants (Via CM/ECF)              Service List

Charles A. King, , Attorney for
City of Chicago                  Chuck.king@cityofchicago.org