**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In Re: ) | |
| ) | Case No. 19-BK-06255 |
| Emelida Cordova, ) | Chapter 13 |
| ) | |
| Debtor. ) | |
| ) | The Honorable Timothy A. Barnes |
| _____ ) | |
| ) | |
| Emelida Cordova, Tevida Nocentelli, ) | |
| Christopher Campbell, Brandon Brown, ) | Adversary No. 19-AP-00684 |
| Ira Haymore, Breonca Hyles and Annie B. ) | |
| Williams, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | |
| ) | |
| City of Chicago, Illinois ) | |
| ) | |
| ) | |
| Defendant. ) | |

## PREHEARING STATEMENT

The parties, EMELIDA CORDOVA, TEVIDA NOCENTELLI, CHRISTOPHER CAMPBELL, BRANDON BROWN, IRA HAYMORE, BREONCA HYLES and ANNIE B. WILLIAMS for themselves and all similarly situated people, by counsel, Edward R. Moor of the Moor Law Office, P.C., on behalf of the putative class representatives and Ross H. Briggs of Firm 13, LLC, on behalf of all Plaintiffs, and THE CITY OF CHICAGO, ILLINOIS by counsel David Paul Holtkamp of the City of Chicago Department of Law, and John C. Hansberry and Gordon E. Gouveia of Fox Rothschild LLP, respectively submit the following for their joint Prehearing Statement in accordance with this Court's order of February 7, 2024, Dkt. 440:

A.  **BRIEF STATEMENT OF THE THEORY OF EACH CLAIM AND EACH DEFENSE**

**Plaintiffs claim the following:**

1. That a class should be certified according to the following definition:

    "All persons whose motor vehicles were impounded by the City of Chicago under City of Chicago Municipal Code §§ 9-100-120 or 2-14-132, other than for a drug use-related offense, between January 1, 2013 and June 19, 2019, who filed a Chapter 13 bankruptcy case in the United States Bankruptcy Court for the Northern District of Illinois during the period of impoundment, who demanded the release of their vehicle after filing their petition for voluntary bankruptcy, and who were deprived by City of Chicago of the use or possession of their motor vehicle after the demand for release was made."

2. That the class has asserted common substantive claims for which they are entitled to relief on one or more of the following theories of law in the Twelfth Amended Complaint:

    a. Violation of 11 U.S.C. § 542. Pursuant to § 542, Plaintiffs seek the value of their impounded vehicles, or estate property, withheld by Defendant after plaintiffs filed their Chapter 13 bankruptcy cases and demanded release by Defendant. The value of plaintiffs' loss of possession and use of their vehicles –whether temporary or permanent—was not inconsequential.

    b. Violation of 11 U.S.C. § 362(a)(4). Plaintiffs claim that Defendant's withholding, without court approval, of impounded vehicles from plaintiffs to perfect or enforce Defendant's alleged possessory liens to, or in, such vehicles violated § 362(a)(4).

    c. Violation of 11 U.S.C. § 362(a)(6). Plaintiffs claim that Defendant's coercive demands for payment on plaintiffs' pre-petition debt as a condition for release of plaintiffs' impounded vehicles, where such demands were made without court review or approval, violated section 362(a)(6). Plaintiffs likewise contend that Defendant's *in rem* setoff of Defendant's alleged possessory lien to Plaintiff's impounded vehicles against Plaintiffs' right of turnover, operated to violate section 362(a)(6), in addition to amounting to a separate and independent violation of 11 U.S.C. § 362(a)(7).

    d. Violation U.S.C. section 362(a)(7). Plaintiffs contend that, Defendant's imposition of a "bankruptcy hold" on Plaintiffs' impounded vehicles for five and one-half years after the filing of plaintiffs' Chapter 13 bankruptcy cases constituted a *de facto* permanent deprivation of each Plaintiff's property interest in their impounded vehicles. Plaintiffs assert that

2

        Defendant imposed such "administrative holds" upon Plaintiffs' impounded vehicles without seeking or obtaining approval from the court.

3. That the requirements of Rule 23 are met for the following reasons:

    a. Numerosity is satisfied. The City has conceded that as to the Adequate Protection Era there are 1077 known instances where a demand for payment was made to a Chapter 13 debtor. (Dkt. 193). The evidence also shows that as to the Scofflaw Era the criteria was applied to at least 171 Chapter 13 debtors who filed petitions to retrieve their impounded vehicle.

    b. Commonality is satisfied. There are common questions of fact or law in the following regards:

        1. Whether the City of Chicago had policies between 2013 and 2019 that resulted in the City refusing to release impounded motor vehicles upon the demand of the owners of such motor vehicles after the owners had filed a Chapter 13 bankruptcy case;

        2. Whether class members were deprived of the use or possession of their impounded motor vehicle after filing a Chapter 13 bankruptcy case and demanding the release of their vehicle;

        3. Whether the Defendant City acted to create, perfect or enforce a lien against property of the bankruptcy estate after the debtor filed a Chapter 13 petition;

        4. Whether the Defendant City acted to collect, assess or recover a debt against the Chapter 13 debtor which arose prior to the filing of the Chapter 13 petition;

        5. Whether Defendant City obtained an Order for Relief, an Order for Adequate Protection and any other Order from a court, which authorized Defendant City to refuse to release the possession of impounded motor vehicles upon demand of the owners who had filed a Chapter 13 bankruptcy case;

        6. Whether Defendant City refused to release the possession of impounded motor vehicles upon demand of the owners who had filed a Chapter 13 bankruptcy case, and placed a "bankruptcy hold" on such vehicles for five and a half years in order to setoff Defendant City's claim against the right of the owner for turnover pursuant to 11 U.S.C. Section 362(a)(7);

        7. Whether Defendant City obtained an Order for Relief, an Order for Adequate Protection or any other Order from a court, which

    authorized Defendant City to setoff its claim against the right of the owners and Chapter 13 debtors for turnover pursuant to 11 U.S.C. Section 542(a);

   8. Whether the Defendant City had a valid "codified" possessory lien and/or common law possessory lien, and whether it sought judicial recognition of that lien in its continued possession of the Chapter 13 debtors' vehicles after a post-petition demand for release had been made;

   9. Whether the Defendant City had any right to setoff the Chapter 13 debtor's prepetition debt by the value of the debtor's vehicle;

   10. Whether Defendant City's refusal to turnover motor vehicles to owners who had filed a Chapter 13 bankruptcy case was so unlawful and egregious as to warrant the cancellation of all debt owed by the Chapter 13 debtors to Defendant City pursuant to the equitable powers of this Court as found at 11 U.S.C. Section 105;

   and

   11. Whether the motor vehicles Defendant City refused to turnover to owners who had filed a Chapter 13 bankruptcy case was encompassed within the bankruptcy estate and were not of inconsequential value or benefit to the estate.

4. That Rule 23's typicality requirement is satisfied. Each putative class representative suffered either the temporary or permanent loss of their impounded motor vehicle, which was not released after a demand for release had been made as a result of the City's application of its policies between 2013 and 2019, in violation of 11 U.S.C. §§ 362(a)(4), (6), (7) and/or 542(a).

5. That Rule 23's adequacy requirement is satisfied. Each putative class representative suffered an economic loss similar to other class members and has an interest in in the outcome that motivates their vigorous participation in the litigation, and no putative class representative has any interest that conflicts with those of the class. Each has a basic knowledge of the facts and claims and as willing to participate in discovery. Counsel is adequate in that both have experience in handling class actions, Moor has experience handling complex litigation, and Briggs has extensive experience in bankruptcy and in adversary actions.

6. That common questions predominate in regard to Defendant's liability to the class and the right of the class to class-wide damages for the economic loss of the use or value of their impounded vehicles and the class-wide cancellation of debt owed by the City. Common questions are a significant aspect of the case enabling a class wide determination issues in a single adjudication.

7.     That a class action is a superior means of adjudicating the claims.

**<u>Defendant Opposes Class Certification</u>:**

1. Plaintiffs have the burden to demonstrate class certification under Rule 23. Plaintiffs are unable to meet their burden. The City incorporates the arguments raised in its Sur-Response (Dkt. No. 442) and Memorandum in Opposition (Dkt. No. 426).

2. Plaintiffs are unable to meet their burden under the Rule 23(a)(2)-(3) factors, commonality and typicality. The factual circumstances of the six Proposed Representatives vary significantly, and the conduct of the City responding to the proposed representatives differs from plaintiff to plaintiff.

3. Further, the Proposed Representatives are not typical of a class at large, as described in the Third Amended Motion. While Plaintiffs can show that each Proposed Representative filed for bankruptcy during the time their vehicles were impounded, the facts diverge beyond this point. Plaintiffs are unable to show that the Proposed Representatives fit within the remaining factors of their proposed class definition.

4. Any assertion that the City maintained "policies" does not suffice to meet the commonality or typicality requirements because the alleged "policies" were not applied consistently and called for discretionary decisions.

5. Plaintiffs have the burden to satisfy the adequate representation factor under Rule 23(a)(4). Plaintiffs are not adequate representatives of the class because of potential conflicts with the class and/or proposed class counsel are inadequate. The City demands strict proof of adequacy requirements under Rule 23(a)(4).

6. Plaintiffs are unable to meet their burden under the predominance and superiority inquiries under Rule 23(b)(3) because individual questions on liability and damages predominate. When considering the elements of Plaintiffs' claims and the City's arguments and defenses thereto, there are questions unique to each class member such that individual issues predominate. Further, the Proposed Representatives allege a litany of unique damages including economic and non-economic damages. The proof for these damage claims will be individualized.

7. A class action is not superior because the alleged damages are significant and there is a potential recovery of attorneys' fees. In such instances, a class action is not superior because the claims are not too insignificant to provide class members with the incentive to pursue claims individually.

8. Plaintiffs' claims under Section 542 (11 U.S.C. §§ 542(a)) cannot be certified as a class action. Compliance with obligations under Section 542 is only enforceable through contempt. A contempt action cannot be brought as an independent claim and cannot otherwise be certified on a class-wide basis.

B. **STATEMENT OF STIPULATED FACTS**

1. Emelida Cordova filed a Chapter 13 petition for voluntary bankruptcy on March 7, 2019 under case number 19-6255.

2. Plaintiff Emelida Cordova was, on and prior to March 7, 2019, the registered owner of a 2011 Chrysler 200 which had been impounded by the City of Chicago on February 28, 2019 for unpaid parking tickets.

3. On March 13, 2019, after filing her Chapter 13 petition, Emelida Cordova filed a Motion for Turnover.

4. The Defendant City released Plaintiff Cordova's car to her on March 18, 2019.

5. Plaintiff Cordova did not make any payments for the return of her vehicle.

6. Plaintiff Nocentelli filed a Chapter 13 petition for voluntary bankruptcy on March 17, 2017 under case number 17-08400.

7. Plaintiff Nocentelli was, on and prior to March 17, 2017, the registered owner of a 2015 Volkswagen Passat which had been impounded by the City of Chicago on March 16, 2017 for unpaid parking tickets.

8. On May 11, 2017, Plaintiff Nocentelli filed an amended plan indicating that Plaintiff Nocentelli would make the one-time adequate protection payment and indicating the City's claim as fully secured.

9. The Defendant City released Plaintiff Nocentelli's impounded vehicle to her on May 16, 2017 after she paid the City $1,250.

10. On June 14, 2017, Plaintiff Nocentelli's case was dismissed, on motion of the Trustee, for failure to make plan payments.

11. On March 23, 2017, the court granted a motion to convert Plaintiff Christopher Campbell's Chapter 7 bankruptcy to a Chapter 13 bankruptcy, case number 17-BK-08129.

12. Plaintiff Christopher Campbell was, on and prior to March 15, 2017, the registered owner of a 1993 Mercedes Benz 300E which had been impounded by the City of Chicago on March 9, 2017 for driving while suspended.

13. The City did not move to dismiss Plaintiff Campbell's first case, Case No. 17-BK-08129.

14. On motion of the Trustee, Plaintiff Campbell's first case was dismissed without discharge on April 11, 2017.

15. Plaintiff Christopher Campbell filed a second Chapter 13 bankruptcy case on September 27, 2017 under case number 17-BK-28853.

16. Plaintiff Campbell estimates the value of his 1993 Mercedes 300E was between $3,388 to $4,848.

17. Plaintiff Brandon Brown filed a Chapter 13 petition for voluntary bankruptcy on June 8, 2018 under case number 18-BK-16480.

18. Plaintiff Brandon Brown was, on and before June 8, 2018, the registered owner of a 2007 Buick Lucerne which had been impounded by the City of Chicago on May 15, 2018 after being immobilized for unpaid parking tickets.

19. Plaintiff Brown estimates the value of his 2007 Buick Lucerne was between $7,540 to $8,638.

20. On motion of the Trustee, Plaintiff Brown's case was dismissed on January 14, 2019 for failure to make plan payments.

21. Plaintiff Hyles filed a *pro se* Chapter 13 petition for voluntary bankruptcy on January 13, 2017, under case number 17-01099, and petitioned the court to pay the filing fee in installments.

22. Plaintiff Breonca Hyles was, on and prior to January 13, 2017, the registered owner of a 2001 Pontiac Grand Prix, which had been impounded by the City of Chicago on December 30, 2016.

23. The City did not demand payment from Plaintiff Hyles for the return of her vehicle.

24. On January 23, 2017, the City filed a motion to dismiss Plaintiff Hyles' case for bad faith.

25. On February 13, 2017, Plaintiff Hyles filed a motion to voluntarily dismiss her own case.

26. Plaintiff Hyles estimates the value of her 2001 Pontiac Grand Prix was $3,700.

27. The Court granted the City's motion to dismiss and dismissed Plaintiff Hyles' case on March 20, 2017.

28. Plaintiff Annie B. Williams filed a pro se Chapter 13 petition for voluntary bankruptcy on November 2, 2016, under case number 16-35091, and petitioned the court to pay the filing fee in installments.

29. Plaintiff Annie B. Williams was, on and prior to November 2, and November 29, 2016, the registered owner of a 2000 Dodge Durango, which had been impounded by the City of Chicago on October 7, 2016.

30. On November 17, 2016, the court dismissed Plaintiff Williams' first bankruptcy case, case No. 16-bk-35091, on motion of the City, for failure to file a credit counseling certificate.

31. On November 29, 2016, Plaintiff Williams filed her second bankruptcy case, case No. 16-bk-37524.

32. On motion of the Trustee, the court dismissed Plaintiff Williams' second case on March 2, 2017.

33. The City did not file a motion to dismiss Plaintiff Williams' second bankruptcy case.

34. Plaintiff Williams estimates the value of her 2000 Dodge Durango was $5,000.

C. **STATEMENT OF DISPUTED FACTS**

**Proposed by Plaintiffs and disputed by Defendant**

1. The Defendant City sold Plaintiff Christopher Campbell's impounded vehicle to United Road Towing on June 15, 2018.

   **RESPONSE:** Disputed, relevance.

2. The Defendant City sold Plaintiff Brandon Brown's impounded vehicle to United Road Towing on August 26, 2020.

   **RESPONSE:** Disputed, relevance.

3. The Defendant City designated Breona Hyles as a "Scofflaw" after her vehicle was impounded.

   **RESPONSE:** Disputed.

4. The Defendant City sold Plaintiff Breonca Hyles' impounded vehicle to United Road Towing on April 19, 2017.

   **RESPONSE:** Disputed, relevance.

5. The Defendant City sold Plaintiff Annie B. Williams impounded vehicle to United Road Towing on March 10, 2017.

   **RESPONSE:** Disputed, relevance.

**Proposed by Defendant and Disputed by Plaintiffs**

1. The City did not request any payments from Plaintiff Cordova for the return of her vehicle.

    **RESPONSE:** Disputed, Defendant applied its existing Terms and Procedures to plaintiff which required payment on her pre-petition debt as a condition for release of her vehicle.

2. Plaintiff Cordova estimates the value of her 2011 Chrysler 200 was around $8,000.

    **RESPONSE:** Disputed as Cordova is not claiming the value of her 2011 Chrysler 200.

3. Plaintiff Cordova seeks damages including temporary deprivation of her vehicle and damages for stress and anxiety of being unable to transport her daughter for medical care.

    **RESPONSE:** Disputed, Cordova, as class representative, is only seeking the value of her temporary deprivation and disputes all remaining allegations on the grounds of relevance.

4. Plaintiff Nocentelli estimates the value of her 2015 Volkswagen Passat was greater than $17,000.

    **RESPONSE:** Disputed as Nocentelli is not claiming the value of her 2015 Volkswagen Passat.

5. Plaintiff Nocentelli seeks damages including temporary deprivation of her vehicle, emotional harm, loss of relationship with her mother, loss of employment opportunities, and loss of ability to make payments on her Chapter 13 case.

    **RESPONSE:** Disputed, Nocentelli, as class representative, is only seeking the value of her temporary deprivation and disputes all remaining allegations on the grounds of relevance.

6. In his first case, following the court's order converting Plaintiff Campbell's case to a chapter 13 case, Plaintiff Campbell did not file a motion for turnover of his vehicle.

    **RESPONSE:** Disputed as to the need to file a second motion in the same proceeding.

7. During Plaintiff Campbell's second bankruptcy case, Case No. 17-bk-28853, the City did not request or demand any money from Campbell for the return of his vehicle.

   **RESPONSE**: Disputed, Defendant applied its existing Terms and Procedures to plaintiff which required payment on her pre-petition debt as a condition for release of her vehicle.

8. Plaintiff Campbell seeks damages including loss of value of his vehicle, loss of employment, failure of his Chapter 13 case for failure to make payments, and emotional distress.

   **RESPONSE**: Disputed, Campbell, as class representative, is only seeking the value of his vehicle and disputes all remaining allegations on the grounds of relevance.

9. On June 14, 2018, when counsel for the City asked if Plaintiff Brown was seeking release of his vehicle, a person from the law firm representing Brown, replied: "No, client intends to wait until confirmation for release."

   **RESPONSE**: The law firm's statement is undisputed, any lack of a demand by Brown is disputed.

10. The City did not request any payment from Plaintiff Brown during his case.

    **RESPONSE**: Disputed.

11. On August 16, 2018, Plaintiff Brown filed an amended plan that surrendered the vehicle.

    **RESPONSE**: Disputed as to relevance, not disputed as to fact.

12. Plaintiff Brown seeks damages including loss of the value of his vehicle, loss of employment wages, failure to complete his Chapter 13 case, emotional distress, and loss of self-esteem

    **RESPONSE**: Disputed, Brown, as class representative, is only seeking the value of his vehicle and disputes all remaining allegations on the grounds of relevance.

13. Plaintiff Hyles seeks damages including loss of the value of her vehicle, damages for her vehicle being unavailable during the time of her bankruptcy, emotional strain, and loss of time with her daughter.

> **RESPONSE:** Disputed, Hyles, as class representative, is only seeking the value of her vehicle and disputes all remaining allegations on the grounds of relevance.

14. On February 2, 2017, Plaintiff Williams filed an amended plan in her second bankruptcy case that included a claim of the City secured by her vehicle and provided that the City would release the vehicle and receive a replacement lien.

    **RESPONSE:** Undisputed as to filing an amended plan with the City secured by her vehicle, disputed to the remainder.

15. Plaintiff Williams seeks damages including loss of the value of her vehicle and damages for loss of employment.

    **RESPONSE:** Disputed, Williams, as class representative, is only seeking the value of her vehicle and disputes all remaining allegations on the grounds of relevance.

Any other facts to which the parties did not specifically stipulate are disputed and will be litigated at the Evidentiary Hearing.

**D.** **LIST OF WITNESSES**

**Plaintiffs' Witnesses:**

1. Chuck King
2. Natalie Frank (Defendant's Rule 30(b)(6) Representative)
3. David Lipschutz
4. Emelida Cordova
5. Tevida Nocentelli
6. Christopher Campbell
7. Brandon Brown
8. Breonca Hyles
9. Annie B. Williams
10. Michael Miller
11. Randall McCathren

**Defendant's Witnesses:**

1. Defendant reserves the right to call any witness listed or called by Plaintiffs.

**E.    LIST OF EXHIBITS**

### Plaintiffs' Exhibit List:

| Pltf. Ex. | Description | Objection |
|---|---|---|
| 1. | 12th Amended Complaint | Objection: foundation, relevance, contains hearsay. |
| 2. | City letter appointing Arnold Scott Harris (COC01728-01729) | Objection: foundation, relevance, hearsay. |
| 3. | Processing Scofflaw Bankruptcies Policy (COC1714)(Frank Dep. Ex. 41) | Objection: foundation. |
| 4. | Chart Analyzing Scofflaws (COC1708-1713) | Objection: foundation, relevance, hearsay. |
| 5. | City Mtn in Mayes (Frank Dep. Ex. 6) | Objection: foundation, relevance |
| 6. | Collection of City Motions to Dismiss or Excuse Turnover (Scofflaw cases) (Ex. 5 to Pltf. Reply, Dkt. 427-5 in 19-AP-684) | Objection: relevance, foundation, hearsay – not one complete document. |
| 7. | Collection of City Motions to Dismiss (Scofflaw cases) (Ex. 5 to Plaintiff Reply, Dkt. 427-6 in 19-AP-684) | Objection: relevance, foundation, hearsay – not one complete document. |
| 8. | Terms & Procedures Memo and email issuing (COC00322-COC333) | Objection: foundation. |
| 9. | Arnold Scott Harris Procedures Memo (COC334-COC00481) | Objection: foundation, relevance, hearsay |
| 10. | Chicago Municipal Code 9-92-080 | Objection: Please forward the document you intend to use |
| 11. | City Ltr to the Bar (COC000482-483) | Objection: foundation |
| 12. | Various 2018 Lipschultz emails to debtor's counsel (Lipschultz Dep. Exs. 20-25) | Objection: foundation, relevance, contains hearsay, improper compilation. |
| 13. | Cordova Ch 13 Petition (COC0891-0949) | Objection: foundation, hearsay |
| 14. | City proof of Claim (Emelida Cordova002-004) | Objection: foundation, incomplete document |
| 15. | Corvoda Motion for Turnover (COC00044-00048) | Objection: foundation, hearsay |
| 16. | Email forwarding Motion for Turnover (COC00043) | Objection: foundation, relevance, hearsay. |
| 17. | City email to Streets & San re: hold on Cordova vehicle and response (COC 00049, 00051) | Objection: foundation, hearsay, improper compilation. |
| 18. | City Mem to Streets & San re Cordova release (COC00050). | Objection: foundation, hearsay |
| 19. | Streets & San email to City re release Memo (COC0051-52) | Objection: foundation, duplicative |
| 20. | Nocentelli Chapter 13 Petition (COC01318-01370) | Objection: foundation, hearsay |

| Pltf. Ex. | Description | Objection |
|---|---|---|
| 21. | City Proof of Claim re Nocentelli (Tevida B Nocentelli038-040) | Objection: foundation, incomplete document |
| 22. | Noncentelli Motor Vehicle Inventory (COC00236) | Objection: hearsay, foundation. |
| 23. | City email re BK hold on Nocentelli (COC00240) | Objection: foundation |
| 24. | City email acknowledging demand and explaining AP - Nocentelli (COC0101-102) | Objection: foundation, hearsay |
| 25. | Email concerning and receipt for release of Noncentelli car (COC00242-243, 246). | Objection: foundation, hearsay, improper compilation. |
| 26. | Email chain re: Nocentelli payment, plan and release (COC101-COC00189) | Objection: foundation, hearsay, improper compilation |
| 27. | Campbell Ch 7 Petition (Christopher Campbell002-011) | Objection: hearsay, foundation |
| 28. | Campbell Ch 7 Fee Waiver Application | Objection: hearsay, foundation |
| 29. | Campbell Motor Vehicle Inventory Rpt (COC00221) | Objection: hearsay, foundation. |
| 30. | Campbell Ch7 Emergency Mtn for Turnover (Christopher Campbell 012-014) | Objection: foundation, hearsay |
| 31. | Campbell Mtn to Convert to Ch 13 (Christopher Campbell015) | Objection: foundation, hearsay |
| 32. | Order granting conversion – Campbell (King Dep Ex 31) | Objection: foundation |
| 33. | City record of Campbell Demand for Release (COC01715-16) | Objection: foundation |
| 34. | City BK Hold – Campbell (COC00231) | Objection: foundation, hearsay. |
| 35. | Campbell Ch 13 Petition (COC752-806) | Objection: hearsay and foundation |
| 36. | City Proof of Claim – Campbell (Christopher Campbell20-22) | Objection: foundation, incomplete document |
| 37. | City emails re: lien and hold (COC-00022-24) | Objection: foundation, improper compilation |
| 38. | City removal of BK Hold – Campbell (COC00233) | Objection: foundation, hearsay. |
| 39. | City 6-15-18 sale of Campbell car to URT (COC01385) | Objection: foundation, hearsay. |
| 40. | Brown Ch 13 Petition (COC00566-639) | Objection: hearsay, foundation |
| 41. | City Motor Vehicle Inventory – Brown (COC00278) | Objection: foundation, hearsay. |
| 42. | City BK hold – Brown (COC00001) | Objection: foundation |
| 43. | Notices to City of Brown's CH 13 filing (COC00003-4) | Objection: foundation, hearsay |
| 44. | City Proof of Claim – Brown (Brandon Brown002-004) | Objection: foundation, incomplete document |
| 45. | Email re Brown with City (COC00013-18) | Objection: foundation, hearsay |
| 46. | Miller Declaration re: Brown (Dkt. 427-12) | Objection: foundation, hearsay, excluded for failure to disclose in |

14

| Pltf. Ex. | Description | Objection |
|---|---|---|
| | | discovery. |
| 47. | Motor Vehicle Inventory – Brown (COC00278) | Objection: foundation, hearsay |
| 48. | City sale of Brown car to URT (COC01386, COC00281) | Objection: foundation, hearsay, improper compilation, incomplete document. |
| 49. | Miller Declaration re: Haymore Dkt. 427-12 pp. 5-7 | Objection: foundation, hearsay, relevance |
| 50. | Hyles Ch 13 Petition and fee waiver app (Hyles001-13) | Objection: foundation, hearsay, incomplete document, improper compilation. |
| 51. | City Motion to Dismiss re bad faith (Hyles014-019) | Objection: foundation |
| 52. | Order allowing Hyles to pay fee in installments (Hyles020) | Objection: foundation. |
| 53. | City Proof of Claim – Hyles (Hyles021-23) | Objection: foundation, incomplete document |
| 54. | City Motor Vehicle Inv Rpt on Hyles stamped Scofflaw (COC1773, King Dep. Ex 3) | Objection: foundation, hearsay |
| 55. | City sale of Hyles car to URT (COC1780-1781) | Objection: foundation, hearsay |
| 56. | Williams Ch 13 Petition (Williams001-009) | Objection: foundation, hearsay |
| 57. | City Motor Vehicle Inventory Rpt – Williams (COC01793) | Objection: foundation, hearsay |
| 58. | City emails re BK holds and release – Williams (COC-1758-1761) | Objection: foundation and improper compilation |
| 59. | 2016-11-3 Order approving fee payment in installments (Williams010) | Objection: foundation |
| 60. | City Mtn to Dismiss – Williams (Williams011-13) | Objection: foundation |
| 61. | Cert of Credit Counseling – Williams (Williams014) | Objection: foundation |
| 62. | City 11-15-16 Proof of Claim (Williams 015-17) | Objection: foundation, incomplete document |
| 63. | Williams' 2nd Ch 13 Petition (Williams021-29) | Objection: hearsay, foundation. |
| 64. | 2016-11-30 Order approving fee payment in installments (Williams030) | Objection: foundation |
| 65. | City 1-9-17 Proof of Claim (Williams031-33) | Objection: foundation, incomplete document |
| 66. | City sale of Williams car to URT (COC01793) | Objection: foundation, document description does not match bates numbered document |
| 67. | Plaintiff's 10-14-22 Rule 26(a)(2) Disclosure of McCathren's pre-merits-discovery opinions | Objection: hearsay, foundation, fails to meet requirements of FRE 702. |
| 68. | McCathren Declaration Dkt. 418-3 | Objection: hearsay, foundation, fails to meet requirements of FRE 702. |
| 69. | McCathren prelim analysis for temporary losses (Emeldia Cordova001) | Objection: hearsay, foundation, fails to meet requirements of FRE 702. |

15

| Pltf. Ex. | Description | Objection |
|---|---|---|
| 70. | Moor Declaration Dkt. 418-5 | Objection: foundation, hearsay. Proffer requested. |
| 71. | Brigg's Declaration Dkt. 418-6 | Objection: foundation, hearsay. |
| 72. | City Motion in Avila, Frank Dep. Ex. 39 | Objection: foundation, contains hearsay. |
| 73. | Barrios Joint Stipulation and Agreement of Settlement (15-cv-2648, Dkt. 155) | -Objection: relevance, hearsay, inadmissible under Rule 408, improper legal argument |
| 74. | U.S. Bankruptcy Court Docket printout for Emelida Cordova in 19-bk-06255 | -Objection: foundation, relevance, hearsay |
| 75. | U.S. Bankruptcy Court Docket printout for Tevida Nocentelli in 17-bk-08400 | Objection: foundation, relevance, hearsay |
| 76. | U.S. Bankruptcy Court Docket printout for Campbell in 17-bk-28853 | Objection: foundation, relevance, hearsay |
| 77. | U.S. Bankruptcy Court Docket printout for Brandon Brown in 18-bk-16480 | Objection: foundation, relevance, hearsay |
| 78. | U.S. Bankruptcy Court Docket printout for Ira Haymore in 18-bk-23758 | Objection: foundation, relevance, hearsay |
| 79. | City concession of numerosity, Dkt. 193. | Objection: foundation, relevance |
| 80. | Transcript of City 30(b)(6) Representative | Objection: foundation, hearsay, lack of personal knowledge, speculation, improper lay opinion |

Plaintiffs reserve the right to amend this list at hearing with leave of Court.

### **Defendant's Exhibit List:**

| Def. Exhibit | Description | Objection | Response |
|---|---|---|---|
| 1. | Cordova's Response to City's First Set of Discovery | | |
| 2. | Case No. 19-bk-06255, Dkt. No. 15, Motion for Turnover | | |
| 3. | COC00146-149 April and May 2017 emails between counsel | | |
| 4. | Case No. 17-08400, Dkt. No. 13, Modified Plan | | |
| 5. | Case No. 19-bk-06255, Dkt. No. 19, June 14, 2017, Order Dismissing Case for Failure to Make Plan Payments | | |
| 6. | Tevida Nocentelli's Response to City's First Set of Discovery | | |
| 7. | Case 17-bk-08129, Dkt. No. 12, Campbell Emergency Motion | | |
| 8. | Case 17-bk-08129, Dkt. No. 14 Order | | |

| Def. Exhibit | Description | Objection | Response |
|---|---|---|---|
|  | on Emergency Motion |  |  |
| 9. | Campbell's Response to City's First Set of Discovery |  |  |
| 10. | Case 17-bk-08129, Dkt. No. 17 Order to Convert Case |  |  |
| 11. | Campbell's Response to City's Second Set of Discovery |  |  |
| 12. | Case No. 17-bk-08129, Docket sheet |  |  |
| 13. | Christopher Campbell's Responses to Defendant City of Chicago's Requests to Admit |  |  |
| 14. | Brandon Brown's Response to Defendant City of Chicago's Request to Admit |  |  |
| 15. | COC00015-16 June 14, 2018 email thread between counsel David Lipschutz and Maria Calderon |  |  |
| 16. | Case No. 18-bk-16480, Dkt. No. 46 |  |  |
| 17. | Brandon Brown's Responses to City's First Set of Discovery |  |  |
| 18. | Case No. 18-bk-16480, Dkt. No. 25 (Chapter 13 Plan) |  |  |
| 19. | Case 17-bk-01099, Dkt. No. 16 Hyles' Motion to Dismiss |  |  |
| 20. | Hyles Response to City's First Set of Discovery |  |  |
| 21. | Case No. 17-bk-01099, Dkt. No. 12, January 23, 2017 City Motion to Dismiss |  |  |
| 22. | Case No. 17-bk-01099, Dkt. No. 21, March 20, 2017 Order to Dismiss the Case |  |  |
| 23. | Williams' Response to City's First Set of Discovery |  |  |
| 24 | Case No. 17-bk-11825, Dkt. No. 18, May 11, 2017 City of Chicago's Objection to Plan Confirmation |  |  |
|  | Defendant City reserves the right to use any document necessary for rebuttal and/or impeachment purposes |  |  |

Defendant reserves the right to amend this list at hearing with leave of Court.

Date: February 28, 2024 Respectfully submitted,

| /s/ Edward R. Moor | /s/ Gordon Gouveia |
|---|---|
| Edward R. Moor<br>ARDC# 6205169<br>Moor Law Office, P.C.<br>53 W. Jackson Blvd., Suite 1527<br>Chicago, Illinois 60604<br>312-726-6207<br>erm@moorlaw.net<br><br>*One of the Attorneys for the Putative Class*<br><br>Ross H. Briggs #31633 (ND IL and MO)<br>Firm 13, LLC<br>4144 Lindell Blvd., Suite 202<br>St. Louis, MO 63108<br>773-220-7007<br>r-briggs@sbcglobal.net<br><br>*On behalf of all Plaintiffs* | Gordon E. Gouveia<br>Fox Rothschild LLP<br>321 N. Clark Street, 16th Floor<br>Chicago, IL 60654<br>312- 541-0151 Ext. 102<br>ggouveia@foxrothschild.com<br><br><br>John C. Hansberry<br>Fox Rothschild LLP<br>500 Grant Street, Suite 2500<br>Pittsburgh, PA 15219<br>412-394-5539<br>jhansberry@foxrothschild.com<br><br><br>*Attorneys for the City of Chicago* |